■ COMMUNITY NATIONAL BANK AND TRUST COMPANY OF NEW YORK, Appellant, v JAMES R. STATILE et al., Respondents. — In an action to set aside a conveyance as fraudulent against the plaintiff creditor, plaintiff appeals from an order of the Supreme Court, Richmond County (Rubin, J.), dated August 25, 1982, which denied its motion for summary judgment on its first cause of action. Order reversed, on the law, without costs or disbursements, and motion for summary judgment on the first cause of action granted. On March 11, 1974, defendant James Statile became indebted to plaintiff bank as guarantor upon a promissory note. James defaulted on the loan and plaintiff commenced an action against him to recover on the note. On April 29, 1975, while the action was pending, Statile and his wife, who is one of the codefendants, conveyed title to premises known as 231 Allison Avenue, Staten Island, which they owned as tenants by the entirety, to codefendant Ann Statile, James Statile's sister. On October 20, 1977 a judgment in plaintiff's favor was entered in the sum of $42,970.83. Thereafter, plaintiff commenced the instant action to set aside the conveyance to Ann Statile as fraudulent against it. After receipt of defendants' joint answer plaintiff moved for summary judgment on its first cause of action which was predicated upon section 273-a of the Debtor and Creditor Law. Special Term denied the motion. On appeal, the threshold issue is whether defendants succeeded in creating a triable issue of fact regarding the actual ownership of the subject property. Defendants admitted all of the elements necessary to find a conveyance fraudulent under section 273-a but claim in defense that James and Mary Statile had held the property in constructive trust for Ann Statile prior to the transfer to her. In its moving papers, plaintiff produced a copy of the deed for the conveyance in question which bore a margin notation "No consideration intra-family transfer". No real estate transfer tax had been paid on the conveyance. It also submitted an excerpt from the deposition of James Statile in which he conceded that no consideration had been given in exchange for the deed. Against this evidence, each of the defendants submitted an affidavit. Ann Statile, in her affidavit, stated that in 1964 she, her daughter and her parents were displaced by a fire. She asked brother James to assist her in finding a house. James located a lot which was purchased with a $2,000 down payment which Ann supplied. A mortgage to finance the balance was taken in James and Mary Statile's names because Ann, who was a waitress, believed she would be unable to obtain a mortgage in her own name. Ann further stated that she financed the construction of the house which was later built on the lot, met every mortgage, real estate tax and insurance payment on the premises and has lived in the house since its construction. Photocopies of 126 checks payable to Westerleigh Savings and Loan Association, the mortgagee, drawn on Ann Statile's account and bearing dates between September, 1965 and January, 1979 were annexed to the affidavit. The affidavits of James and Mary Statile corroborated Ann's allegations and added that all of the parties involved consider the property to be Ann's. We believe that defendants' affidavits and the supporting documents failed to create a genuine issue of fact which would require a plenary trial (see *Merman v Miller*, 82 AD2d 826). In order to defeat plaintiff's motion for summary judgment it was incumbent upon them to present evidentiary data in laying bare their proof (see *Zuckerman v City of New York*, 49 NY2d 557, 562;

Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:4, p 426). Conclusory averments of fact or law are insufficient (see *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285; *Rosenberg v Del-Mar Div., Champion Int. Corp.*, 56 AD2d 576). The deficiencies in defendants' supporting papers are manifold. The only documentary evidence proffered is the collection of 126 checks payable to the mortgagee. Otherwise, the allegations are stated in conclusory form without any proof in evidentiary form substantiating the claim that Ann provided the down payment or paid the real estate taxes or insurance. Furthermore, the span of 11 years between the purchase of the subject premises and the transfer of title to Ann Statile together with the close proximity of the transfer to the initiation of litigation on James Statile's indebtedness render the conveyance highly suspect. The mortgage payments may well have been made in lieu of rent. Defendants' failure to proffer adequate supporting evidence to explain the transfer complained of merits our grant of plaintiff's motion for summary judgment (see *Chemical Bank v PIC Motors Corp.*, 58 NY2d 1023). Titone, J. P., Lazer, Weinstein and Boyers, JJ., concur.