■ MINNIE DUCKSTEIN, as Personal Representative of the Estate of GILDA ROSA, Deceased, Appellant, v MAURICE ROSA et al., Respondents.—Harvey, J. Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered February 15, 1985 in Sullivan County, which denied plaintiff's motion for summary judgment.

The issue raised by this appeal is whether certain transfers of real property were fraudulent pursuant to Debtor and Creditor Law § 273-a. On April 2, 1982, a Florida court rendered a judgment in excess of $62,000 against defendant Maurice Rosa for his alleged appropriation of certain jewelry and other valuable items from the estate of his mother, Gilda Rosa. After part of the judgment was satisfied out of property of Maurice Rosa located in Florida, a judgment for $52,948.85 was docketed in Sullivan County in November 1982. Prior to

the judgment being docketed in New York, however, Maurice Rosa transferred, on April 21, 1982, certain real property located in Sullivan County, of which he had been the sole record owner since September 1967, to himself and his wife, defendant Frances Rosa. On May 13, 1982, the property was transferred again leaving Frances Rosa as the sole record owner. Plaintiff brought this action seeking, *inter alia,* to set aside the transfers as fraudulent pursuant to Debtor and Creditor Law § 273-a. Plaintiff's motion for summary judgment was denied and this appeal ensued.

Although defendants' *pro se* papers must be read liberally *(see, Traguth v Zuck,* 710 F2d 90, 95; *Matter of Rappaport,* 109 Misc 2d 640, 642), we conclude that they have failed to raise a triable issue of fact. Debtor and Creditor Law § 273-a provides that "[e]very conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action". Defendants contend that the transfers were not fraudulent because Maurice Rosa had promised, at the time he purchased the house, to give it to his wife when the mortgage was paid off. Assuming such a promise was made, it does not constitute fair consideration *(see,* Debtor and Creditor Law § 272; *cf. Rush v Rush,* 19 AD2d 846 [love and affection and conjectural promises do not constitute fair consideration]). Defendants' further contention, that Frances Rosa made many of the mortgage payments on the premises and, consequently, that the conveyances were in satisfaction of an antecedent debt, is not supported by evidence in the record *(see, Community Natl. Bank & Trust Co. v Statile,* 94 AD2d 754). In any event, such a contention is inconsistent with defendants' theory that the transfers were made as a gift. The transfers were therefore fraudulent as a matter of law and must be set aside.

Order reversed, on the law, with costs, motion granted and plaintiff awarded summary judgment on paragraphs (a) and (b) of her amended verified complaint. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.