*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 23, 2014                517299
_____

HARRY V. BORST,

                        Plaintiff,

        v

INTERNATIONAL PAPER COMPANY,

                        Defendant.

SANDY KNOLLS, LLC, et al.,

                        Appellants.

(Action No. 1.)
_____

In the Matter of ALBERT L.
    PRICE et al.,

                        Respondents,

        v

TOWN OF ARIETTA et al.,                    MEMORANDUM AND ORDER

                        Appellants.

SANDY KNOLLS, LLC, et al.,

                        Proposed
                        Intervenors-
                        Appellants.

(Proceeding No. 1.)

————————————————————————

In the Matter of ALBERT L.
   PRICE et al.,
                  Respondents,

      v

TOWN OF ARIETTA,
                  Appellant.

SANDY KNOLLS, LLC, et al.,
                  Proposed
                  Intervenors-
                  Appellants.

(Proceeding No. 2.)
————————————————————————


Calendar Date:   September 10, 2014

Before:   Lahtinen, J.P., McCarthy, Rose, Lynch and Devine, JJ.


_____


      McPhillips, Fitzgerald & Cullum, LLP, Glens Falls (Dennis
J. Phillips of counsel), for appellants and proposed intervenors-
appellants.

      Robert M. Cohen, Ballston Lake, for respondents.


_____


Devine, J.

      Appeals (1) from an order of the Supreme Court (Aulisi,
J.), entered March 22, 2013 in Hamilton County, which, in action
No. 1, denied a motion by Sandy Knolls, LLC to vacate a prior
judgment of the court, (2) from a judgment of said court, entered
March 22, 2013 in Hamilton County, which, among other things,
granted petitioners' application, in combined proceeding No. 1
pursuant to CPLR article 78 and action for declaratory judgment,
for, among other things, a declaration that respondents must
comply with the judgment in action No. 1, (3) from an order of
said court, entered March 22, 2013 in Hamilton County, which, in

combined proceeding No. 1 pursuant to CPLR article 78 and action for declaratory judgment, among other things, denied motions by Sandy Knolls, LLC and Piseco Lake Association for leave to intervene, and (4) from a judgment of said court, entered April 12, 2013 in Hamilton County, which granted petitioners' application, in proceeding No. 2 pursuant to CPLR article 78, to, among other things, annul Local Law No. 1 (2011) of the Town of Arietta.

Following a bench trial conducted in 1930, Supreme Court (Crapsor, J.) executed a judgment (hereinafter the Borst judgment) in action No. 1 which, among other things, perpetually enjoined defendant, International Paper Company (hereinafter IPC), and its officers, employees or agents from closing a dam at the outlet of Piseco Lake that was located on its real property from June 25 to October 1 each year, as the usage of the dam caused the water levels of the lake to rise, thereby impairing the right of plaintiff, Harry V. Borst, to access all parts of the beach on his property. Nearly 80 years after the Borst judgment was executed, petitioners commenced a hybrid CPLR article 78 proceeding and declaratory judgment action (proceeding no. 1) seeking, among other things, a judicial declaration that the manner in which respondents regulated the water level of the lake caused damage to petitioners' properties and was in violation of the injunctive relief provided in the Borst judgment.[1] Joinder of issue occurred and the parties attempted to reach a settlement of the matter; such efforts, however, were abandoned and Supreme Court (Aulisi, J.) granted the petition and directed petitioners to submit a proposed judgment on notice to respondents. Before Supreme Court executed the final judgment, however, respondents moved to reargue their opposition to the petition and the Piseco Lake Association (hereinafter PLA) and Sandy Knolls, LLC each moved for leave to intervene in proceeding No. 1. Supreme Court denied the applications and, subsequently,

---

[1] Respondent Town of Arietta Lake Level Regulating Committee is comprised of the Town Supervisor, Town Zoning Officer, President of the Piseco Fish & Game Club and two year-round residents and one seasonal resident of respondent Town of Arietta.

issued judgment granting the petition.  Around the time that the court was considering the motions submitted in proceeding No. 1, Sandy Knolls moved, by order to show cause in action No. 1, to vacate the Borst judgment, asserting, among other things, that material factual changes that occurred in the decades since its entry had rendered the permanent injunction afforded in the Borst judgment inequitable.  Supreme Court ultimately denied the motion.  Thereafter, petitioners commenced a second combined CPLR article 78 proceeding and declaratory judgment action (proceeding no. 2) seeking to annul Local Law No. 1 (2011) of the Town of Arietta (hereinafter Local Law No. 1).  Supreme Court granted the petition, by annulling Local Law No. 1 insofar as it was determined to contravene the injunctive dictates set forth in the Borst judgment.  These appeals ensued.[2]

We first address Supreme Court's denial of the respective intervenor motions of the PLA and Sandy Knolls, who now argue that Supreme Court's denial of said motions constituted an abuse of the court's discretion and, further, that the court erred in failing to join them as necessary parties to both proceedings.[3] "Pursuant to CPLR 7802 (d), a court may allow other interested persons to intervene" in proceedings brought against public agencies (Matter of Greater N.Y. Health Care Facilities Assn. v DeBuono, 91 NY2d 716, 720 [1998] [internal quotation marks omitted]).  Further, intervention is to be granted as of right in any action or proceeding where a nonparty demonstrates that its

_____

[2]  To the extent that respondents' notice of appeal indicates that they seek to appeal Supreme Court's order denying their motion to reargue, no appeal lies from the denial of reargument (see Mongardi v BJ's Wholesale Club, Inc., 45 AD3d 1149, 1151 [2007]).  In any event, as the issue was not discussed in their brief, it is deemed abandoned (see Kittner v Eastern Mut. Ins. Co., 80 AD3d 843, 845 n 2 [2011], lvs dismissed 16 NY3d 890 [2011], 18 NY3d 911 [2012]).

[3]  The PLA and Sandy Knolls made respective motions to intervene in proceeding No. 1.  It appears that, thereafter, proceeding No. 1 and proceeding No. 2 were joined by stipulation of the parties.

interest in the matter is not being duly represented and the nonparty may be "bound by the judgment" (CPLR 1012 [a] [2]) or, alternatively, may be permitted by the court "when the person's claim or defense and the main action [or proceeding] have a common question of law or fact" (CPLR 1013; see US Bank N.A. v Gestetner, 74 AD3d 1538, 1541 [2010]).

After learning that petitioners sought to prevent respondents from utilizing the dam to regulate lake water levels, several lakeshore property owners and individuals who regularly used the lake notified the Town Board of respondent Town of Arietta that they opposed the petition in proceeding No. 1.  It was only after Supreme Court granted the petition in proceeding No. 1 that the PLA formally organized to represent the concerns of hundreds of lake residents in the matter and advocate for respondents' continued regulation of the lake.  The PLA members explained in their application that their rights and interests as landowners would be harmed by the discontinued use of the dam and that respondents' role in maintaining water levels was vital for "navigational, recreational and construction purposes." Likewise, David Henle, a member of Sandy Knolls, as successor in title to the Borst lakefront property, insisted that Sandy Knolls' intervention was warranted because, among other things, an affirmance of the injunctive relief set forth in the Borst judgment would jeopardize the condition of his lakefront property, explaining that, in the absence of water level regulatory action, "gross fluctuations that occurred . . . when the lake went unregulated . . . caused flooding during the wet season and/or the appearance of navigable hazards . . . during drought conditions."

Although requests for leave to intervene invoke a court's discretionary authority (see Matter of Pace-O-Matic, Inc. v New York State Liq. Auth., 72 AD3d 1144, 1145 [2010]; Matter of Tennessee Gas Pipeline Co. v Town of Chatham Bd. of Assessors, 239 AD2d 831, 832 [1997]), the thorough and well-reasoned submissions of the PLA and Sandy Knolls have shown that they have a "'direct and substantial interest' in the outcome of this litigation" and, therefore, Supreme Court erred in denying their motions to intervene (Matter of Rent Stabilization Assn. of N.Y. City v New York State Div. of Hous. & Community Renewal, 252 AD2d

111, 116 [1998], quoting Matter of Pier v Board of Assessment Review of Town of Niskayuna, 209 AD2d 788, 789 [1994]). Further, inasmuch as the motions to intervene were filed in the months after Supreme Court issued its order in proceeding No. 1, but before the final judgment was rendered in that proceeding more than a year and one half later, and approximately two years before judgment was entered in proceeding No. 2, we do not agree that denial of the motions on untimeliness grounds was necessitated (see Bond v Giebel, 101 AD3d 1340, 1344 [2012], lv dismissed 21 NY3d 884 [2013]; compare Carnrike v Youngs, 70 AD3d 1146, 1147 [2010]). Nor are there any indicia of undue prejudice to petitioners that would warrant the exclusion of the proposed intervenors from the matters (see Town of N. Elba v Grimditch, 96 AD3d 1305, 1306-1307 [2012]; see also Matter of White v Incorporated Vil. of Plandome Manor, 190 AD2d 854, 855 [1993], lv denied 83 NY2d 752 [1994]). In light of this determination, the argument that the PLA and Sandy Knolls should have been joined as necessary parties has become academic.

Next, we consider Supreme Court's finding, in its judgment granting the petition in proceeding No. 1, that collateral estoppel principles precluded respondents from challenging the Borst judgment. As a "narrower species of res judicata," the equitable doctrine of collateral estoppel precludes a party from retrying "an issue clearly raised in a prior action or proceeding and decided against that party or those in privity" (Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]; see Walter v White-Bonn, Inc., 8 AD3d 715, 716 [2004]; Matter of Hickey v Sinnott, 277 AD2d 572, 573 [2000]). In this regard, privity is an amorphous term not "susceptible to ease of application" (Buechel v Bain, 275 AD2d 65, 73 [2000], affd 97 NY2d 295 [2001], cert denied 535 US 1096 [2002]), and a court's finding that differing parties are in privity requires consideration of "the character, right and extent of a party's role in one proceeding as it bears on the intervention of the collateral estoppel doctrine in another" (David v Biondo, 92 NY2d 318, 324 [1998]). Although petitioners have made a minimal showing that there was an identity of issues considered in the Borst action and in proceeding no. 1 — namely that the maintenance and usage of a dam to control water levels by IPC and respondents affected petitioners' rights to use and enjoy their lakefront properties — respondents were never given

"a full and fair opportunity to contest the decision now said to be controlling" in action No. 1 (Buechel v Bain, 97 NY2d 295, 304 [2001], cert denied 535 US 1096 [2002]), nor were their interests properly represented by IPC, as defendant in the Borst action, so as to warrant the application of collateral estoppel (see Green v Santa Fe Indus., 70 NY2d 244, 253-254 [1987]; State of New York v Zurich Amer. Ins. Co., 106 AD3d 1222, 1223-1224 [2013]; compare Matter of Corporate Woods 11, LP v Board of Assessment Review of the Town of Colonie, 83 AD3d 1250, 1252-1253 [2011], lv denied 17 NY3d 707 [2011]).

Within the context of the Borst litigation, IPC asserted, as an affirmative defense, that its construction and use of the dam, which was done ostensibly for corporate purposes, was sustainable under adverse possession principles. Such position, however, is completely at odds with that of respondents, which were granted an express easement from IPC's successors in interest to operate the dam and regulated the water levels of the lake in the name of environmental preservation and to benefit the majority of local property owners and members of the general public. Based upon the vastly conflicting positions taken by respondents and IPC in these respective matters, we find that Supreme Court erred in granting the petition in proceeding No. 1 on collateral estoppel grounds (see Matter of Juan C. v Cortines, 89 NY2d 659, 667-669 [1997]; State of New York v Zurich Am. Ins. Co., 106 AD3d at 1223-1224). Furthermore, although the court found that, because the Borst judgment has long been in existence, Sandy Knolls was precluded from challenging it under the doctrine of laches, we find the opposite to be true. As an equitable defense, the doctrine — "based on a lengthy neglect or omission to assert a right and the resulting prejudice to an adverse party" — bars petitioners from seeking to enforce the Borst judgment after such a significant delay and the resulting prejudice to respondents (Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 816 [2003], cert denied 540 US 1017 [2003]; see Matter of Boland v Town of Northampton, 25 AD3d 848, 848-849 [2006]).

Respondents, Sandy Knolls and the PLA further argue that Supreme Court abused its discretion in denying Sandy Knolls' motion, submitted in action No. 1, to vacate the Borst judgment.

We agree.  A court may vacate a judgment "upon such terms as may be just, on motion of any interested person . . . upon the ground of . . . newly-discovered evidence which . . . could not have been discovered in time to move for a new trial" (CPLR 5015 [a] [2]; see Matter of American Comm. for Weizmann Inst. of Science v Dunn, 10 NY3d 82, 95-96 [2008]; Pritchard v Curtis, 101 AD3d 1502, 1503 [2012]; Maddux v Schur, 53 AD3d 738, 739 [2008]).  Courts are not limited to vacating a judgment pursuant to the enumerated grounds set forth in CPLR 5015, however, as they "retain inherent discretionary power to vacate their own judgments for sufficient reason and in the interests of substantial justice" (Gurin v Pogge, 112 AD3d 1028, 1030 [2013] [internal quotation marks and citations omitted]).  Shortly after the Borst judgment was entered, Borst, on more than one occasion, recognized that, without the use of the dam during the summer months, the lowered water levels of Piseco Lake harmed other lakefront property owners and he, therefore, gave permission to IPC to dam the lake in order to restore the water levels.  In fact, it is undisputed that the dam was operated by respondents and their predecessors, without any documented complaint, during the summer months since the 1960s until petitioners, after having taken issue with respondents' methods of gauging and regulating water levels, commenced these enforcement proceedings.  Despite the evidence that, in the decades following the execution of the Borst judgment, Sandy Knolls — as partial successor to the Borst property — and a majority of lakefront property owners had expressed a clear interest in the continued operation of the dam in order to stabilize water levels, Supreme Court found that the importance of ensuring that the Borst judgment maintained its "element of finality" was a prevailing concern.  We disagree with the court's reasoning in this regard and, thus, find that vacatur of the Borst judgment in the interest of justice is warranted under the facts and circumstances (see Nicholas v Consolidated Edison Co. of N.Y., 100 AD2d 957, 958 [1984]; Matter of Mento, 33 AD2d 650, 651 [1969]; compare Maddux v Schur, 53 AD3d at 739).

Finally, we consider Supreme Court's judgment annulling Local Law No. 1.  Finding that petitioners had a vested right in the injunctive relief that was afforded in the Borst judgment, the court annulled Local Law No. 1 "to the extent that it fails to comply with the [Borst] [j]udgment."  The provisions of Local

Law No. 1, however, merely created a five-member commission whose stated purpose was to, among other things, "maintain, restore and renew the Piseco Outlet Dam and thereby to regulate the water level of Piseco Lake for all appropriate residential, conservation, health and recreational purposes."  The law, which had an immediate effective date, further provided that commission determinations could be appealed to the Town Board.  As petitioners failed to demonstrate how the local legislative enactment violated any provisions of the now-vacated Borst judgment, Supreme Court erred in declaring that Local Law No. 1 is invalid.  As the court failed to consider petitioners' other challenges to Local Law No. 1, including that its promulgation was in violation of lawful procedures and that the Town failed to satisfy certain requirements of the State Environmental Quality Review Act (see ECL art 8), we must remit proceeding No. 2 to Supreme Court for further proceedings related to the petition's outstanding claims.

We have considered the balance of the parties' claims and, to the extent not specifically addressed herein, have found them to be without merit or otherwise rendered academic.

Lahtinen, J.P., McCarthy, Rose and Lynch, JJ., concur.

ORDERED that the order entered March 22, 2013 in action No. 1 is reversed, on the law, without costs, and motion to vacate granted.

ORDERED that the order entered March 22, 2013 in proceeding No. 1 is modified, on the law, without costs, by reversing so much thereof as denied motions by Sandy Knolls, LLC and Piseco Lake Association to intervene; motions granted and said entities are permitted to intervene in the proceedings; and, as so modified, affirmed.

ORDERED that the judgment entered March 22, 2013 in proceeding No. 1 is reversed, on the law, without costs, and petition dismissed.

ORDERED that the judgment entered April 12, 2013 is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court