*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 6, 2015                    520272
_____

WAYNE LOVELACE et al., as
    Assignees of CHEMUNG CANAL
    TRUST COMPANY,
                    Appellants-
                    Respondents,

        v                                    MEMORANDUM AND ORDER

RPM ECOSYSTEMS ITHACA, LLC,
    et al.,
                    Respondents-
                    Appellants.
_____

Calendar Date:  June 2, 2015

Before:  Peters, P.J., Lahtinen, Garry and Lynch, JJ.

                    _____


        The Crossmore Law Office, Ithaca (Edward Y. Crossmore of
counsel), for appellants-respondents.

        Miller Mayer, LLP, Ithaca (Adam R. Schaye of counsel), for
respondents-appellants.

                    _____


Lynch, J.

        Cross appeals from an order of the Supreme Court (Rumsey,
J.), entered March 17, 2014 in Tompkins County, which, among
other things, granted defendants' motion to vacate a default
judgment entered against them.

        In 2005, plaintiffs, tree farmers based in Missouri,
entered into an agreement with defendants Marvin G. Marshall and
Patricia J. Marshall to develop and market technology known as
the Root Production Method (hereinafter RPM), created to

accelerate tree growth.  As part of this agreement, plaintiffs agreed to transfer the intellectual property to an entity that, consequently, would then have the exclusive right to issue sub-license agreements to entities that wished to use the RPM technology.  The Marshalls agreed to provide capital and guarantee loans to finance the venture and the entities created to commercialize the technology, including defendants RPM Ecosystems Ithaca LLC and RPM Holdings LLC.  These two entities defaulted on their loan obligations to Chemung Canal Trust Company (hereinafter CCTC), leading to the commencement of this action.  In July 2011, after defendants failed to appear in the action, Supreme Court issued a default judgment in favor of CCTC against RPM Ecosystems and RPM Holdings in the amount of $3,745,355.66 and against the Marshalls in the amount of $3,053,882.21.  In July 2012, the judgment was assigned to plaintiffs for an undisclosed sum.[1]  In September 2012, defendants moved to vacate the default judgment pursuant to CPLR 5015 (a) (1) and (4) and CPLR 317, or, alternatively, in the interest of justice.  After a traverse hearing, Supreme Court determined that plaintiffs obtained personal jurisdiction over defendants, but vacated the default judgment in the interest of justice.  Plaintiffs appeal and defendants cross-appeal, arguing that the entire action should be dismissed for lack of personal jurisdiction.

Based on our review of the transcript of the traverse hearing, and deferring to Supreme Court's credibility assessments (see Matter of DeMeo v City of Albany, 63 AD3d 1272, 1272 [2009]), we agree with the court's determination that plaintiffs proved by a preponderance of the evidence that personal jurisdiction was acquired over both of the Marshalls (see TD Banknorth, N.A. v Olsen, 112 AD3d 1169, 1171 [2013]).  Having found that plaintiffs obtained personal jurisdiction over the Marshalls, we turn to the court's determination to vacate the default judgment.  In addition to the grounds set forth in CPLR 5015 (a), which are not exclusive, Supreme Court had "inherent discretionary power" to vacate its judgment "for sufficient

---

[1]  Supreme Court substituted plaintiffs in this action for CCTC.

reason and in the interest[] of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; accord Gurin v Pogge, 112 AD3d 1028, 1030 [2013]; see Borst v International Paper Co., 121 AD3d 1343, 1349 [2014]; Matter of Culberson, 11 AD3d 859, 861 [2004]).  "[T]he decision to vacate a default judgment lies within the discretion of the trial court and should not be disturbed unless it reflects an improvident exercise of discretion" (Gurin v Pogge, 112 AD3d at 1030 [internal quotation marks, ellipses, brackets and citation omitted]; see Woodson v Mendon Leasing Corp., 100 NY2d at 68).

Here, Supreme Court noted that there were two other actions and an arbitration proceeding pending between the parties.[2]  In rendering its determination to vacate the default judgment, Supreme Court reasoned that defendants sufficiently demonstrated a "genuine dispute" with regard to whether plaintiffs breached the prior agreement to transfer the intellectual property to allow them to market the RPM.  Under the circumstances, and in consideration of the "strong policy preference for resolving issues on the merits" (Gurin v Pogge, 112 AD3d at 1030; see Bond v Giebel, 101 AD3d 1340, 1343 [2012], lv dismissed 21 NY3d 884 [2013]), we find that Supreme Court's determination to vacate the default judgment in the interest of justice was not an abuse of discretion.

The parties' remaining arguments have been considered and, in light of this determination, either need not be addressed or are without merit.

Peters, P.J., Lahtinen and Garry, JJ., concur.

---

[2]  We note that plaintiffs did not appeal from that part of Supreme Court's order imposing a blanket stay pending resolution of the Missouri actions and the arbitration or further order of the court, and defendants support a continuation of the stay.  As such, the stay remains intact.

ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court