State of New York v Moore (2020 NY Slip Op 00008)





State of New York v Moore


2020 NY Slip Op 00008


Decided on January 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 2, 2020

526757

[*1]State of New York, Appellant,
v
John E. Moore et al., Respondents.

Calendar Date: November 15, 2019

Before: Egan Jr., J.P., Clark, Devine and Aarons, JJ.


Letitia James, Attorney General, Albany (Owen Demuth of counsel), for appellant.
Whiteman Osterman & Hanna LLP, Albany (William S. Nolan of counsel), for respondents.



Devine, J.
Appeal from an order of the Supreme Court (J. Sise, J.), entered July 28, 2017 in Hamilton County, which granted defendants' motion to vacate a prior judgment.
Our prior decision in this matter affirmed a 2001 judgment determining that plaintiff is the owner of a 14-acre parcel lying within the Adirondack Park in the Town of Long Lake, Hamilton County (298 AD2d 814 [2002]). The parcel in question is also one of many located in Township 40, Totten and Crossfield Purchase — an area granted to a private individual by letters patent in the 18th century that plaintiff purportedly reacquired through a string of tax sales and private transactions in the 19th and early 20th centuries — where both plaintiff and private individuals now have claims of ownership. Plaintiff commenced this action after defendants, who purchased the parcel from their grandmother's estate, began building a structure on the parcel that would be prohibited if it were, as plaintiff claimed, state-owned forest preserve land (see NY Const, art XIV, § 1; ECL 9-0303 [2]). Supreme Court determined that plaintiff's claim to the parcel was superior, and the 2001 judgment was the result.
Thereafter, negotiations between plaintiff and private stakeholders resulted in an agreement to resolve the ownership disputes in Township 40 by, among other things, creating a mechanism for individuals claiming ownership over parcels in the area to acquire clear title (see ECL 9-1907). In 2013, a necessary amendment to the NY Constitution was approved and an implementing Township Forty Settlement Act passed (see NY Const, art XIV, § 1; ECL 9-1901 et seq., as added by L 2013, ch 537). After those provisions took effect, defendants moved to vacate the 2001 judgment upon the grounds that their exclusion from the settlement was unjust and that the 2001 judgment arose in part from misrepresentations by plaintiff about the strength of its ownership claim. Supreme Court granted the motion, and plaintiff appeals.
We affirm. Beyond the grounds set forth by CPLR 5015, a court has inherent power to vacate one of its judgments "for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; see Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 226 [2013]; Carlson v Dorsey, 161 AD3d 1317, 1318 [2018]). This power is aimed at "judgments taken through fraud, mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [1984] [internal quotation marks, brackets and citations omitted]; see Dyno v Lewis, 300 AD2d 784, 785 [2002], lv dismissed 99 NY2d 651 [2003]), and is exercised after an assessment of "the facts of the particular case, the equities affecting each party and others affected by the judgment or order, and the grounds for the requested relief" (Hodge v Development at Helderberg Meadows, LLC, 114 AD3d 1122, 1123 [2014] [internal quotation marks and citations omitted]; see Nash v Port Auth. of N.Y. & N.J., 22 NY3d at 226). " A motion to vacate a prior judgment or order is addressed to the court's 'sound discretion, subject to reversal only where there has been a clear abuse of that discretion'" (Pritchard v Curtis, 101 AD3d 1502, 1503 [2012] [citation omitted], quoting Maddux v Schur, 53 AD3d 738, 739 [2008]; see Carlson v Dorsey, 161 AD3d at 1318).
Plaintiff argued at trial that, although it could not identify the specific instrument that gave it a superior claim to the parcel at issue, several instruments granted it title to most of Township 40 and that the parcel "was not included within the bounds of any exception" (298 AD2d at 815). Plaintiff was aware that the success of this argument would threaten the claims of hundreds of individuals to land in Township 40, and misrepresented to Supreme Court that it would rely upon a judgment in this action to bring RPAPL article 15 actions against those individuals. Upon succeeding, plaintiff instead enforced the 2001 judgment against defendants alone and, at the urging of elected officials, negotiated a settlement that allows every other land claimant in Township 40 to obtain clear title. It also became evident that plaintiff sought the 2001 judgment despite the doubts of its own officials regarding its ownership claims in Township 40, one of whom advocated for the passage of the Township Forty Settlement Act in 2013 because those claims could not be "established with any reasonable degree of certainty." Plaintiff subjected defendants to selectively harsh treatment under a judgment about which it harbored doubts, in other words, and Supreme Court stated that it would not have granted the judgment had plaintiff taken the legal position it later adopted. Supreme Court did not abuse its discretion in finding that these circumstances afforded sufficient reason to vacate the 2001 judgment in the interest of substantial justice (see Matter of Phillips, 163 AD3d 821, 823-824 [2018]; Borst v International Paper Co., 121 AD3d 1343, 1348-1349 [2014]; see also Matter of Shonts, 229 NY 374, 381-382 [1920]).
Finally, we take no position on whether defendants are "persons who claim title to . . . disputed parcels" entitled to take advantage of the Township Forty Settlement Act (ECL 9-1907 [1]; see ECL 9-1903, 9-1905). It suffices to say that the 2001 judgment does not bar their attempt to do so, and there are more appropriate vehicles to adjudicate the question of their eligibility (see CPLR 3001, 7801 et seq.). Plaintiff's remaining contentions have either been rendered academic by the foregoing or are lacking in merit.
Egan Jr., J.P., Clark and Aarons, JJ., concur.
ORDERED that the order is affirmed, with costs.