Matter of Braunstein (2021 NY Slip Op 02859)





Matter of Braunstein


2021 NY Slip Op 02859


Decided on May 6, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 6, 2021

531002
[*1]In the Matter of the Estate of Bernard Braunstein, Deceased. Edwin L. Braunstein, as Executor of the Estate of Bernard Braunstein, Deceased, Appellant; Sue Ann Braunstein, Respondent.

Calendar Date:March 11, 2021

Before:Garry, P.J., Egan Jr., Clark, Aarons and Reynolds Fitzgerald, JJ.

Lipsitz Green Scime Cambria LLP, Buffalo (John A. Collins of counsel), for appellant.
Harris Beach PLLC, Ithaca (Thomas P. Smith of counsel), for respondent.



Garry, P.J.
Appeal from an order of the Surrogate's Court of Chemung County (Baker, S.), entered December 26, 2019, which, in a proceeding pursuant to SCPA article 22, granted respondent's motion to vacate a prior order.
In 2012, Bernard Braunstein (hereinafter decedent) died and Surrogate's Court appointed petitioner, decedent's son, executor of his estate and trustee of certain trusts created through decedent's will (Matter of Braunstein, 125 AD3d 1267, 1268 [2015]). In December 2015, petitioner filed an accounting of the estate; the trusts had not yet been funded because the estate had not been judicially settled. After a conference in March 2017, Surrogate's Court entered an order setting a deadline of April 30, 2017 for respondent — who is decedent's daughter and the beneficiary of one of the testamentary trusts — to file written objections to the accounting or request permission to examine petitioner under oath pursuant to SCPA 2211. It is undisputed that respondent took neither action by that deadline.
On June 29, 2017, respondent's then-attorney requested an SCPA 2211 examination, acknowledging that the request was late but providing an explanation. In an August 14, 2017 order, Surrogate's Court accepted respondent's reason for the untimeliness, but denied the request due to respondent's failure to submit an affidavit of merit from someone with personal knowledge. The court directed petitioner to file supplemental accountings, which would be considered unopposed. Petitioner did so. In November 2018, respondent filed a motion to reconsider and vacate the August 2017 order. Surrogate's Court granted that motion, prompting petitioner's appeal.
Initially, although Surrogate's Court and the parties have treated respondent's motion as one to vacate a default and relied upon CPLR 5015 (a) (1), the August 2017 order was not granted on default, and none of the grounds listed in CPLR 5015 (a) is present here. Nevertheless, "[b]eyond the grounds set forth by CPLR 5015, a court has inherent power to vacate one of its judgments 'for sufficient reason and in the interests of substantial justice'" (State of New York v Moore, 179 AD3d 1162, 1162-1163 [2020], quoting Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; see Hayes v Village of Middleburgh, 140 AD3d 1359, 1362 [2016]). "A motion to vacate a prior judgment or order is addressed to the court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (Hayes v Village of Middleburgh, 140 AD3d at 1362 [internal quotation marks and citations omitted]; see State of New York v Moore, 179 AD3d at 1163).
To the extent that the November 2018 motion was a motion to vacate the August 2017 order, circumstances had changed since Surrogate's Court had denied respondent's June 2017 motion. Respondent noted that her initial failure to file objections or request an examination had resulted from her former counsel's personal circumstances. Surrogate's Court accepted [*2]this excuse as reasonable, acknowledged the court's "inherent discretionary power" and "the broad equity power of a court to vacate its own orders," and noted that it expressly considered "the numerous attorneys who have represented [respondent]," the preference to have matters determined on their merits, and the lack of prejudice to petitioner. In light of Surrogate's Court's express consideration of respondent's two-year delay in moving to vacate, that such delay was not willful, and the lack of prejudice to petitioner, the court had the inherent discretionary authority to grant petitioner's motion to vacate, even in the absence of a default (see State of New York v Moore, 179 AD3d at 1162; Hayes v Village of Middleburgh, 140 AD3d at 1362; Matter of Culberson, 11 AD3d 859, 861 [2004]). Moreover, considering the public policy in favor of addressing matters on the merits, especially where there are allegations regarding breach of fiduciary duties and self-dealing, we find that the court did not abuse its discretion in granting petitioner's motion to vacate (see State of New York v Moore, 179 AD3d at 1163-1164; Lovelace v RPM Ecosystems Ithaca, LLC, 131 AD3d 760, 761 [2015]).[FN1]
We have reviewed petitioner's remaining contentions and none warrants reversal.
Egan Jr., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Nevertheless, we urge the parties and Surrogate's Court to expedite the settlement of this estate, which has, for various reasons, been pending for such a considerable period of time.