Matter of Ringer (2024 NY Slip Op 05260)

Matter of Ringer

2024 NY Slip Op 05260

Decided on October 24, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 24, 2024

CV-23-0957
[*1]In the Matter of the Estate of Laurene A. Ringer, Deceased. William G. Ringer Jr., as Executor of the Estate of Laurene A. Ringer, Deceased. Respondent; Tammie A. Ringer, Appellant.

Calendar Date:September 12, 2024

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Tammie A. Ringer, Queensbury, appellant pro se.
Miller, Mannix, Schachner & Hafner, LLC, Glens Falls (Leah Everhart of counsel), for respondent.

Aarons, J.
Appeal from an order of the Surrogate's Court of Warren County (Ted M. Wilson, S.), entered May 1, 2023, which, in a proceeding pursuant to SCPA article 14, denied respondent's motion to vacate a prior order dismissing her objections and accepting decedent's will into probate.
Petitioner and respondent are the children of Laurene A. Ringer (hereinafter decedent). In December 2019, decedent amended her last will and testament to exclude respondent. Upon decedent's death in September 2020, petitioner commenced a proceeding pursuant to SCPA article 14 to admit decedent's will to probate. Respondent filed objections, alleging that decedent lacked testamentary capacity and that the December 2019 will was the product of fraud. Petitioner thereafter filed a motion for summary judgment, and respondent sought an extension of time for further discovery. Surrogate's Court granted respondent's request and reserved on petitioner's motion. As a result, the parties engaged in SCPA 1404 examinations before trial, after which the court denied respondent's objections and granted petitioner's summary judgment motion in a September 2022 order. Respondent then moved to vacate the September 2022 order, contending that it had been procured by fraud and that she possessed newly discovered evidence supporting her objections. The court denied respondent's motion, and this appeal ensued. We affirm.[FN1]
As relevant here, CPLR 5015 allows a court to vacate a prior judgment or order because of "newly-discovered evidence which . . . would probably have produced a different result [at trial] and which could not have been discovered in time to move for a new trial," or "fraud, misrepresentation, or other misconduct of an adverse party" (CPLR 5015 [a] [2], [3]). As to fraud, the moving party "will not prevail by merely showing fraud in the underlying transaction but must show fraud in the very means by which the judgment was procured" (Trimarco v Data Treasury Corp., 146 AD3d 1008, 1010 [2d Dept 2017] [internal quotation marks and citations omitted]). In addition to the grounds codified in CPLR 5015, "a court has inherent power to vacate one of its judgments for sufficient reason and in the interests of substantial justice" (Matter of Braunstein, 194 AD3d 1165, 1166 [3d Dept 2021] [internal quotation marks and citations omitted]). Regardless of the ground, "[a] motion to vacate a prior judgment or order is addressed to the court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (id. [internal quotation marks and citations omitted]; see Matter of McLaughlin, 111 AD3d 1185, 1186 [3d Dept 2013]).
We detect no abuse of discretion here. Respondent contends that the September 2022 order was procured by fraud because decedent's attorney falsely testified that he met with decedent and her husband in person in September 2019 to discuss decedent's wish to change her will to exclude respondent. Although the phone and medical records respondent [*2]submitted with the instant motion support finding that the September 2019 meeting most likely occurred over the phone, the attorney's SCPA 1404 examination reveals that he only assumed the meeting occurred in person because he failed to indicate otherwise in his notes, which is inadequate to support a claim that the attorney's testimony was an effort to fraudulently secure an order accepting decedent's will to probate (see CPLR 5015 [a] [3]). Nor do the records constitute newly discovered evidence of perjury; at best, the records submitted by respondent go to the credibility of the attorney's SCPA 1404 testimony, which is generally not sufficient to warrant vacatur (see Pritchard v Curtis, 101 AD3d 1502, 1503 [3d Dept 2012]). In any event, the attorney also testified that he met decedent in person in December 2019 when she executed the amended will, and respondent did not submit newly discovered evidence addressed to that critical moment in assessing testamentary capacity (see CPLR 5015 [a] [2]; Matter of Williams, 13 AD3d 954, 957 [3d Dept 2004], lv denied 5 NY3d 705 [2005]). Surrogate's Court therefore appropriately denied her motion to vacate the September 2022 order on that basis.
Along those lines, respondent further asserts that the Surrogate's Court clerk impermissibly removed from the docket the affidavit of decedent's physician opining that decedent's medical conditions deprived her of testamentary capacity in December 2019. Yet, the September 2022 order indicates that Surrogate's Court considered the physician's affidavit and found it insufficient to raise a question of fact to defeat petitioner's summary judgment motion (cf. Matter of Lowrey, 225 AD3d 964, 965 [3d Dept 2024]). As such, this alleged irregularity is not an appropriate ground for a motion to vacate the September 2022 order. Respondent also leveled accusations of dishonesty and impropriety at petitioner's attorney in her motion papers, and, upon review of the record before us, none of them constitutes a reason to vacate the September 2022 order (see generally CPLR 5015 [a]).
We will not address the merits of respondent's numerous remaining contentions as they were improperly raised for the first time in either her motion reply papers or on appeal (see Gulledge v Jefferson County, 194 AD3d 1155, 1156 [3d Dept 2021]; Matter of VanLoan, 156 AD3d 1426, 1426 [4th Dept 2017]; Yechieli v Glissen Chem. Co., Inc., 40 AD3d 988, 989 [2d Dept 2007]).
Egan Jr., J.P., Clark, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: To the extent respondent's contentions challenge the merits of the September 2022 order, those claims are not properly before us (see Matter of Smith, 160 AD3d 1256, 1257 [3d Dept 2018]).