Nadler v County of Albany (2025 NY Slip Op 02386)

Nadler v County of Albany

2025 NY Slip Op 02386

Decided on April 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 24, 2025

CV-24-0701
[*1]Jesse Nadler, Appellant,
v
County of Albany et al., Respondents.

Calendar Date:February 18, 2025

Before:Ceresia, J.P., Fisher, McShan and Mackey, JJ.

Paul F. Cagino, Glenmont, and Andrew F. Plasse, Flushing, for appellant.
Eugenia Koutelis Condon, County Attorney, Albany (Michael L. Goldstein of counsel), for County of Albany, respondent.
Phelan, Phelan & Danek, LLP, Albany (Timothy S. Brennan of counsel), for CFG Health Systems, LLC, respondent.

Ceresia, J.P.
Appeal from an order of the Supreme Court (Kimberly O'Connor, J.), entered March 21, 2024 in Albany County, which denied plaintiff's motion to restore the case to the trial calendar.
Plaintiff was in custody at the Albany County Correctional Facility when he was allegedly assaulted by fellow incarcerated individuals and purportedly sustained a fractured jaw that went untreated for a month. Thereafter, plaintiff commenced the instant action alleging negligence on the part of defendant County of Albany and medical malpractice by defendant CFG Health Systems, LLC, a healthcare provider at the facility.[FN1] Following joinder of issue and discovery, the matter was scheduled for trial, but when plaintiff did not appear at a pretrial conference, his counsel informed Supreme Court that plaintiff had absconded from parole. The court rescheduled the trial date and, after plaintiff's counsel reported months later that plaintiff's whereabouts were still unknown, issued an order stating that if plaintiff failed to appear in person at a pretrial conference two weeks before the trial date, the case would be dismissed pursuant to 22 NYCRR 202.27. When plaintiff did not appear on the appointed date, the court dismissed the case with prejudice. Plaintiff then moved to vacate the court's order and have his case restored to the trial calendar, and defendants opposed. The court denied plaintiff's motion, prompting this appeal.
"[W]e have repeatedly held that a trial court is authorized to dismiss a case as abandoned under Rule 202.27 when [a plaintiff] fails to timely comply with a court's directive to progress the case . . . includ[ing] where a [plaintiff] fails to appear at any scheduled call of a calendar or at any conference" (Bank of N.Y. v Wells, 222 AD3d 1237, 1239 [3d Dept 2023] [internal quotation marks and citations omitted]; see U.S. Bank N.A. v Hartquist, 227 AD3d 1149, 1150 [3d Dept 2024]). "In order to vacate a dismissal pursuant to 22 NYCRR 202.27, a plaintiff is required to demonstrate a reasonable excuse for his or her failure to appear and a potentially meritorious cause of action" (Hayes v Village of Middleburgh, 140 AD3d 1359, 1361 [3d Dept 2016] [internal quotation marks, brackets and citations omitted]). "A motion to vacate a prior judgment or order is addressed to the court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (State of New York v Moore, 179 AD3d 1162, 1163 [3d Dept 2020] [internal quotation marks and citations omitted]; see Hayes v Village of Middleburgh, 140 AD3d at 1362).
The record reflects that plaintiff traveled to the courthouse on the date of the pretrial conference but was arrested pursuant to a parole warrant upon identifying himself at the courthouse entrance, resulting in his failure to attend the conference. We agree with Supreme Court that this was a problem of plaintiff's own making and, as a result, does not constitute a reasonable excuse for plaintiff's nonappearance[*2]. As plaintiff had absconded from parole many months prior, he had ample opportunity to rectify the situation in order to avoid being arrested at the courthouse. Indeed, plaintiff was not only aware of the possibility of arrest but expected that it might occur. In that regard, the day before the conference, his counsel requested that plaintiff be permitted to appear virtually, apparently for the sole purpose of avoiding arrest — a request that the court rejected, given that it was attempting to ensure that plaintiff would appear for trial two weeks later. Under these circumstances, it cannot be said that the court abused its discretion in denying plaintiff's motion to vacate (see U.S. Bank N.A. v Hartquist, 227 AD3d at 1151; Bank of N.Y. Mellon v Vaiana, 218 AD3d 1094, 1096 [3d Dept 2023]). Given this ruling, we need not consider the parties' remaining arguments concerning the merits of the action. As a final matter, to the extent that the issue is properly before us, we decline the County's request for sanctions (see 22 NYCRR 130-1.1 [c]).
Fisher, McShan and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: While initially filed as separate actions against each defendant, the two actions were later consolidated.