Briggs v Fresenius (2026 NY Slip Op 01827)

Briggs v Fresenius

2026 NY Slip Op 01827

Decided on March 26, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 26, 2026

CV-24-1469
[*1]Darryl Briggs, Appellant,
vFresenius et al., Defendants.

Calendar Date:January 6, 2026

Before:Garry, P.J., Reynolds Fitzgerald, McShan, Powers and Mackey, JJ.

Darryl Briggs, Troy, appellant pro se.

Powers, J.
Appeal from an order of the Supreme Court (Thomas Marcelle, J.), entered August 7, 2024 in Albany County, which denied plaintiff's motion to vacate a prior order.
Plaintiff, acting pro se, served defendants with a "Notice of Motion of Claim" and "Affidavit in Support of Notice of Claim" on June 8, 2023 and commenced this action by subsequently filing those documents on June 13, 2023. In essence, plaintiff alleged that defendants intentionally and negligently withheld medical care, causing plaintiff injury. Defendants did not appear. Supreme Court construed these papers as a summons and complaint and, in July 2023, sua sponte dismissed the action. The court concluded that it lacked personal jurisdiction over defendants because plaintiff's attempts to serve them before the action was commenced were a nullity. Although plaintiff appealed from that decision, he failed to perfect the appeal and, as a result, that appeal was dismissed (see Rules of App Div, All Depts [22 NYCRR] § 1250.10 [c]). Plaintiff then filed various motions, including a motion that he denominated as seeking to "vacate and reverse dismissal" of the action. Therein, he argued that the defects in commencement of the action were curable and that the court should vacate dismissal of the action in the interest of justice given plaintiff's pro se status. Supreme Court denied that motion, and plaintiff appeals.
CPLR 5015 (a) enumerates specific grounds for which a court may "relieve a party from [a prior judgment or order] upon such terms as may be just." At the same time, "[c]ourts are not limited to vacating a judgment or order pursuant to the enumerated grounds set forth in CPLR 5015, as they retain inherent discretionary power to vacate their own judgments or orders for sufficient reason and in the interests of substantial justice" (Carlson v Dorsey, 161 AD3d 1317, 1318 [3d Dept 2018] [internal quotation marks, brackets, ellipsis and citations omitted]; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; Matter of Ringer, 231 AD3d 1397, 1398 [3d Dept 2024]; Matter of State of New York v Richard TT., 132 AD3d 72, 75 [3d Dept 2015], appeal dismissed 26 NY3d 994 [2015], affd 27 NY3d 718 [2016]). The court's authority in both respects exists "even in the absence of a default" (Matter of Braunstein, 194 AD3d 1165, 1166 [3d Dept 2021]; see generally Matter of Ringer, 231 AD3d at 1397-1398; State of New York v Moore, 179 AD3d 1162, 1162-1163 [3d Dept 2020]; Carlson v Dorsey, 161 AD3d at 1318; Borst v International Paper Co., 121 AD3d 1343, 1348-1349 [3d Dept 2014]). Thus, plaintiff's motion "is addressed to the court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (State of New York v Moore, 179 AD3d at 1163 [internal quotation marks and citations omitted]).
Relevant to Supreme Court's basis for its original dismissal of this action, CPLR 306-b specifies that "[i]f service is not made upon a defendant within the time provided in [*2]this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (emphasis added). In consideration of this express language, other Departments of the Appellate Division have recognized that a court cannot dismiss a complaint on its own initiative for lack of personal jurisdiction based upon the failure to effect proper service of process (see Henneberry v Borstein, 91 AD3d 493, 495 [1st Dept 2012]; Daniels v King Chicken & Stuff, Inc., 35 AD3d 345, 345 [2d Dept 2006]; see also Vanyo v Buffalo Police Benevolent Assn., Inc., 34 NY3d 1104, 1105 [2019]). As the July 2023 order dismissed the underlying action for lack of personal jurisdiction sua sponte, the court erred in doing so absent a motion by one of the parties. On account of that error, the court abused its discretion in denying plaintiff's instant request that it exercise its discretionary power to vacate that order in the interest of substantial justice (see Rotering v Satz, 71 AD3d 861, 862 [2d Dept 2010]; Daniels v King Chicken & Stuff, Inc., 35 AD3d at 345-346; cf. O'Fennell Corp. v O'Fennell's of Pine Hill, 188 AD2d 981, 982 [3d Dept 1992]). Plaintiff's motion seeking to vacate the July 2023 order dismissing the action should therefore be granted and the complaint reinstated.
A few points raised by the dissent merit specific response. First, the dissent would find that plaintiff's failure to perfect his former appeal bars his present appeal. However, because there is no appeal as of right from an order issued sua sponte (see CPLR 5701 [a] [2]; Sholes v Meagher, 100 NY2d 333, 335 [2003]), we cannot definitively say what issues could have been addressed on the former appeal, which would have required permission to proceed (see Matter of Casey Q. v Jeffrey O., 244 AD3d 1519, 1521 [3d Dept 2025]). Relatedly, the dissent acknowledges that the instant motion was filed shortly after this Court communicated with plaintiff regarding dismissal of his initial appeal. In that communication, this Court advised plaintiff that he could file a formal motion seeking to vacate dismissal of the appeal pursuant to, among other authority, 22 NYCRR 1250.10 (c). Less than two weeks after the letter was sent, plaintiff filed the subject motion to vacate in Supreme Court, which he denominated as being made "pursuant to [22 NYCRR] 1250.10 (c)." In our view, this is only further evidence that the subject motion is not one seeking reargument and, thus, that no appealability issue is present.
Finally, the dissent states that this decision — specifically construction of the instant motion as that seeking vacatur of the July 2023 order — "creates a roadmap that can be used by dilatory litigants to circumvent . . . time limitations." This is simply not the case. Plaintiff has sought relief in various forms and has been repeatedly rebuffed because of procedural errors made by virtue of his pro se [*3]status and lack of familiarity with the CPLR and applicable court rules. "Implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training. While the right does not exempt a party from compliance with relevant rules of procedural and substantive law, it should not be impaired by [a] harsh application of technical rules" (Traguth v Zuck, 710 F2d 90, 95 [2d Cir 1983] [internal quotation marks and citation omitted]; see Matter of Stephen W. v Christina X., 80 AD3d 1083, 1084 [3d Dept 2011], lv denied 16 NY3d 712 [2011]; Matter of Elliot v Marble, 49 AD3d 923, 925 [3d Dept 2008]; Matter of Mosso v Mosso, 6 AD3d 827, 828 [3d Dept 2004]; see also Duckstein v Rosa, 118 AD2d 951, 952 [3d Dept 1986]; Du-Art Film Labs. v Wharton Intl. Films, 91 AD2d 572, 573-574 [1st Dept 1982]). A litigant may invoke a court's discretionary ability to vacate a prior order at any time, with length of delay being a factor the court may consider when deciding such application (see generally Matter of Braunstein, 194 AD3d at 1166). Thus, despite the concerns of potential misuse expressed by the dissent, this is a well settled avenue for relief, and we trust that trial courts will exercise their discretion when entertaining such requests.
Garry, P.J., and McShan, J., concur.
Mackey, J. (dissenting).
Because the order at issue is not appealable, we respectfully dissent and would dismiss the appeal.
From June 2023 through June 2024, plaintiff, acting pro se, made a series of four motions regarding his claim that defendants intentionally and negligently withheld medical care from him, causing him injury. Although the present appeal is from Supreme Court's order denying plaintiff's fourth such motion, discussion of the three earlier motions is necessary, as they are all related.
In June 2023, plaintiff made his first motion in which he sought, among other things, summary judgment imposing "disciplinary sanctions" on defendants and awarding him $5,000,000 in damages. That motion, however, was served several days prior to plaintiff's commencement of the underlying action. Although no opposition to the motion was submitted, after the return date, Supreme Court issued an order dismissing the case on jurisdictional grounds, finding that plaintiff's service of the motion papers prior to commencement of the action rendered service of the same "a nullity." Plaintiff filed a notice of appeal from that decision, but the appeal was dismissed in February 2024 for failure to perfect. In May 2024, the Clerk of this Court mailed plaintiff the appropriate forms for making a motion to vacate dismissal of his appeal and for an extension of time to perfect, but plaintiff did not seek such relief and the time to do so has expired (see Rules of App Div, All Depts [22 NYCRR] § 1250.10 [c]).
Plaintiff made a second motion in August [*4]2023, asking Supreme Court to "reverse and vacate [its] dismissal" of the case and granting him an extension of time to serve a summons. The thrust of plaintiff's argument was that the motion should be granted "in the interest[ ] of justice" and because Supreme Court's order was arbitrary and capricious. The Court denied the motion and plaintiff did not appeal.
In September 2023, plaintiff made a third motion, seeking reargument or renewal of the first two motions.[FN1] Supreme Court denied the motion, stating that, "[w]hether plaintiff is making a motion to reargue, renew or both, plaintiff utterly fails to offer any law or even make a legal argument in support of his motion and, further, he presents no new facts that have any bearing on the court's prior decisions."
In June 2024, plaintiff made a fourth motion, once again asking Supreme Court to "vacate and reverse [its] dismissal" of the case.[FN2] Similar to the second motion, plaintiff argued that the order dismissing the case should be vacated "in the interest[ ] of justice." That motion was denied, prompting this appeal.
Review of the record reveals that plaintiff's fourth motion is, in substance, a motion for leave to reargue the three prior motions (see MidFirst Bank v Storto, 121 AD3d 1575, 1575 [4th Dept 2014]; Matter of Suzanne v Suzanne, 69 AD3d 1011, 1012 [3d Dept 2010]; see also Italian Am. Civic Assn. of Mineola, N.Y. v Cataldo, 220 AD2d 483, 484 [2d Dept 1995]).[FN3] We acknowledge that plaintiff titled his motion as one to "vacate and reverse dismissal," rather than to reargue, but that does not change the fact that, substantively, he is merely rearguing points that he had made before. Indeed, in the second motion, plaintiff specifically asked Supreme Court to "vacate" its order dismissing the case and, when that was denied, he moved to reargue. The reality is that plaintiff's fourth motion is not just a motion to reargue, it is a second attempt to reargue his unsuccessful motion to vacate. As no appeal lies from the denial of a motion to reargue, plaintiff's appeal from Supreme Court's August 7, 2024 order should be dismissed (see Matter of Boyle v NYS Dept. of Motor Vehs., 200 AD3d 1375, 1378 [3d Dept 2021]; People ex rel. Kearney v Bartlett, 131 AD3d 1313, 1314 [3d Dept 2015]).
Further, even if plaintiff could appeal from the order at issue, "[w]here a prior appeal is dismissed for want of prosecution, said dismissal acts as a bar to a subsequent appeal as to all questions that were presented on the earlier appeal" (HSBC Bank USA, N.A. v Sage, 196 AD3d 1016, 1017-1018 [3d Dept 2021] [internal quotation marks and citations omitted]). Because plaintiff failed to perfect his earlier appeal, he is barred from raising here the identical issue that would have been presented on the earlier appeal — i.e., whether Supreme Court erred in dismissing the case sua sponte (see Dyno v Lewis, 300 AD2d 784, 785 [3d Dept 2002], lv dismissed 99 NY2d 651 [2003]).
We believe the majority creates a roadmap [*5]that can be used by dilatory litigants to circumvent any number of time limitations. Among these are the 30-day requirement for moving to reargue (see CPLR 2221 [d] [3]), the 30-day requirement for filing a notice of appeal (see CPLR 5513 [a]), the six-month requirement for perfecting appeals (see Rules of App Div, All Depts [22 NYCRR] § 1250.10 [a]) and the one-year requirement for moving to vacate the dismissal of an appeal (see Rules of App Div, All Depts [22 NYCRR] § 1250.10 [c]). Apparently untethered to any time limitations, the "inherent discretionary power to vacate" invoked by the majority allows plaintiff here to evade all these time requirements. It also allows him to sidestep the "well[-]settled [rule] that no appeal lies from the denial of a motion to reargue" (Matter of Barnes [Council 82, AFSCME], 235 AD2d 826, 826 [3d Dept 1997]) simply by re-titling his prior unsuccessful motions. The potential for misuse by others is manifest.
Lastly, even if, as the majority holds, plaintiff's fourth motion — in which he seeks the same relief as in the second and third motions — is somehow not a motion to reargue those motions, then it must be viewed as the latest in a series of three motions to vacate. As plaintiff chose not to appeal the denial of the two earlier motions to vacate and filed the instant motion only after the appeal from the original order was dismissed for failure to perfect, we believe Supreme Court acted within its discretion to deny the latest motion. Although reasonable allowances should be made, "a pro se [litigant's] lack of understanding about the legal process does not, by itself, constitute a reasonable excuse" for failing to adhere to legal timelines (OneWest Bank, N.A. v Jacobs, 234 AD3d 983, 985 [2d Dept 2025] [internal quotation marks and citation omitted]; see Kelly v Hinkley, 186 AD3d 1842, 1843 [3d Dept 2020]). Here, plaintiff had multiple opportunities to have this matter reviewed by this Court but chose not to perfect the appeal from Supreme Court's original order or to appeal from the denial of the first two motions to vacate. There is "a premium on the policies underlying res judicata — notions of efficiency, finality[ ] and judicial economy, among other things" (Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 75 [2018]). Under these circumstances, we do not believe that Supreme Court abused its discretion in denying plaintiff's most recent motion.
Reynolds Fitzgerald, J., concurs.
ORDERED that the order is reversed, on the law, without costs, motion granted and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Plaintiff has not included these motion papers in the record on appeal, so the facts are gleaned from Supreme Court's decision.
Footnote 2: It bears noting that plaintiff made this motion shortly after his appeal of the first order was dismissed for failure to perfect.

Footnote 3: Plaintiff's motion is clearly not one to renew, as "he alleged no new facts or demonstrated any change in the law" (People ex rel. Kearney v Bartlett, 131 AD3d 1313, 1314 [3d Dept 2015]; see CPLR 2221 [e] [2]; Greene Major Holdings, LLC v Trailside at Hunter, LLC, 148 AD3d 1317, 1319 [3d Dept 2017]).