■ ROBERT J. ABLE, Respondent, v JOAN M. ABLE, Appellant. [619 NYS2d 461] —Order unanimously reversed on the law without costs, cross motion denied and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in granting plaintiff's cross motion, characterized as one to reargue, thereby agreeing to reconsider the issues of maintenance and support arrears as determined in the judgment of divorce. The court was not authorized to grant that relief. A final judgment, made after trial, is not subject to a motion to reargue under CPLR 2221 (see, Siegal, NY Prac § 532, at 836 [2d ed]). Additionally, plaintiff's cross motion may not be characterized as one to resettle the judgment. A motion to resettle is used to correct errors or omissions in form and may not be used to effect a substantive change in a prior decision (see, Foley v Roche, 68 AD2d 558, 566). Furthermore, plaintiff's cross motion may not be characterized as one to vacate the judgment pursuant to CPLR 5015 (a).

Lastly, the court erred in staying resolution of defendant's motion pending "reargument". Therefore, upon remittitur, Supreme Court must address defendant's motion seeking enforcement of the judgment of divorce. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Spousal Maintenance.) Present—Pine, J. P., Balio, Callahan, Davis and Boehm, JJ.