■ JULIA DYNO et al., Plaintiffs, and THOMAS L. DYNO, Appellant, v HARRY G. LEWIS, as Mayor of the Village of Johnson City, et al., Respondents. (And Another Related Action.) [752 NYS2d 117] —Peters, J. Appeal from an order of the Supreme Court (Hester, Jr., J.), dated June 26, 2001 in Broome County, which, inter alia, denied plaintiffs' motion to vacate a prior order of said court.

We have considered litigation concerning these parties on several prior occasions (*see Matter of Dyno v Village of Johnson City*, 261 AD2d 783, *appeal dismissed* 93 NY2d 1033, *lv denied* 94 NY2d 818; *Matter of Dyno v Rose*, 260 AD2d 694, *appeal dismissed* 93 NY2d 998, *lv denied* 94 NY2d 753; *Matter of Dyno v Village of Johnson City*, 255 AD2d 737). As in the past, this appeal has, as its genesis, the erection of a basketball backboard and hoop on the property of plaintiffs' neighbors, Daniel Green and Mary Lou Green, which plaintiffs allege violates the local zoning ordinance. The Village of Johnson City Zoning Board of Appeals determined that the basketball structure did not violate the zoning ordinance, a determination upheld by Supreme Court (Rose, J.) in a February 3, 1997 decision, subsequently affirmed by this Court (*Matter of Dyno v Village of Johnson City*, 261 AD2d 783, *supra*).

Thereafter, plaintiffs commenced an action seeking, inter alia, a declaratory judgment to the effect that defendant Village of Johnson City (hereinafter the Village) illegally deprived them of their right to file criminal complaints against the Greens (hereinafter action No. 1), prompting the Village and defendant Mayor of the Village to seek an order enjoining plaintiffs from commencing any further legal actions against them unless represented by an attorney or by prior permission of the court (hereinafter action No. 2). Plaintiffs then moved in action No. 1 for, inter alia, dismissal of the Village's defenses and the Village cross-moved, by order to show cause, for summary judgment in action No. 1 and, by separate order, for a preliminary injunction to enjoin the commencement of further legal action. Supreme Court (Rose, J.), in a decision dated September 23, 1998, denied plaintiffs motion, granted the Village's cross motion for summary judgment in action No. 1 and granted the Village's motion for a preliminary injunction unless plaintiffs are represented by an attorney or first obtain court permission. In action No. 2, Supreme Court found that plaintiff Thomas L. Dyno was engaging in the unauthorized practice of law and thereafter enjoined him from such practice.

Plaintiffs failed to effect a timely appeal from the September 23, 1998 decision. The Court of Appeals thereafter denied

plaintiffs' motion for leave to appeal. By order to show cause dated March 8, 2001, plaintiffs unsuccessfully moved to vacate the September 23, 1998 order. Dyno now appeals.

The sole relevant issue is whether Supreme Court properly refused to vacate the September 23, 1998 order. Pursuant to CPLR 5015, a court may vacate an order upon the grounds of excusable default, newly discovered evidence, fraud, misrepresentation or other misconduct of an adverse party, lack of jurisdiction to render the order, or reversal of a prior judgment on which the order is based. Although a court also has an "inherent power to vacate an order in the interest of justice" (*B.U.D. Sheetmetal v Massachusetts Bay Ins. Co.*, 248 AD2d 856, 856; *see Matter of Abbott v Conway*, 148 AD2d 909, 911, *lv denied* 74 NY2d 608), there are limitations on such power (*see Matter of McKenna v County of Nassau, Off. of County Attorney*, 61 NY2d 739, 742), to wit, " 'judgments taken through [fraud,] "mistake, inadvertence, surprise or excusable neglect" ' " (*id.* at 742, quoting *Ladd v Stevenson*, 112 NY 325, 332).

Upon our review of the contentions raised by Dyno, we fail to find any viable assertion that Supreme Court's September 23, 1998 order should be vacated based upon any ground listed either in CPLR 5015 or in the interest of justice.* In fact, the issues raised are simply an attempt to appeal the September 23, 1998 determination notwithstanding plaintiffs' failure to timely perfect that appeal. Hence, as a motion to vacate is not another means by which to raise an issue of law that could have been raised had the party timely perfected such appeal (*see Matter of McKenna v County of Nassau, Off. of County Attorney*, *supra* at 741-742), there exists no basis upon which to find that the court improvidently exercised its discretion (*see Matter of Cristo*, 92 AD2d 691, *lvs dismissed* 61 NY2d 604, 904).

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ. Ordered that the order is affirmed, with costs.

---

* Dyno's contentions range from a denial of due process by the issuance of a preliminary injunction without a hearing—a procedure fully authorized pursuant to CPLR 6312 (c)—to the failure of the Village to have properly shown its entitlement to summary judgment with regard to the September 23, 1998 determination. He further challenged the propriety of Supreme Court's ruling on the CPLR article 78 proceeding upholding the determination of the Zoning Board of Appeals as well as, inter alia, the inequity in failing to be allowed to relitigate constitutional issues raised in action No. 1 which were dismissed by the court in the motion for summary judgment.