OPINION OF THE COURT
Memorandum.
Ordered that the order entered June 28, 2012 is reversed, without costs, and tenant Hardas Kripalani’s motion to, in effect, vacate or modify the final judgment entered May 11, 2012 is granted to the extent that the final judgment entered May 11, 2012 is vacated and the matter is remitted to the Civil Court for entry of a proper final judgment in accordance with the decision herein; and it is further, ordered that the appeal from the judgment entered July 31, 2012 is dismissed; and it is further, ordered that the order dated August 28, 2012 is reversed, without costs, and tenant Hardas Kripalani’s motion to, in effect, vacate the judgment entered July 31, 2012 is granted without prejudice to landlord moving, following the entry of a *40 proper final judgment, for the entry of a proper attorney’s fees judgment pursuant to the determination made following the June 28, 2012 hearing.
After a nonjury trial in this nonpayment proceeding against tenants Hardas Kripalani and Naina H. Kripalani, the Civil Court awarded landlord a final judgment of possession and a separate money judgment in the sum of $4,852.02. The final judgment, which erroneously states that it was “based upon a stipulation entered into between the parties,” was entered against Hardas Kripalani and Naina H. Kripalani on May 11, 2012. Thereafter, Hardas Kripalani (tenant) moved to, in effect, vacate or modify the May 11, 2012 final judgment, asserting, among other things, that the final judgment incorrectly states that it was based upon a stipulation. By order entered June 28, 2012, tenant’s motion was denied. After a hearing to determine attorney’s fees was held, a judgment awarding landlord the sum of $3,900 was entered on July 31, 2012. That judgment also erroneously states that it was “based upon a stipulation entered into between the parties.” Tenant subsequently moved to, in effect, vacate the July 31, 2012 judgment, which motion was denied by order dated August 28, 2012. Tenant appeals from the June 28, 2012 and August 28, 2012 orders, and from the July 31, 2012 judgment.
With respect to the order entered June 28, 2012, we note that tenant denominated his motion as one “for leave to reargue and leave to renew” under CPLR 2221 (f) and “to vacate/modify” the “Decision/Order/Judgment of May 11, 2012,” but renewal and/or reargument was not the proper procedural vehicle for tenant to use once a final judgment had been entered after trial (see Maddux v Schur, 53 AD3d 738 [2008]), since a motion for leave to renew and/or reargue addresses a prior motion and order. Instead, tenant’s motion should have been considered as one to vacate or modify the May 11, 2012 final judgment, pursuant to CPLR 5015 (a) (see Matter of Reed v County of Westchester, 243 AD2d 714 [1997]; Matter of Unterman [Kaufman], 57 AD2d 745 [1977]; see also Able v Able, 209 AD2d 972 [1994]), as well as to correct the final judgment, pursuant to CPLR 5019 (a), so that it would properly reflect the fact that it had been entered after a trial, rather than upon stipulation, which recitation, as it stood, prevented tenant from appealing from the final judgment (see Ryan Mgt. Corp. v Cataffo, 278 AD2d 217 [2000] [no appeal lies from a judgment entered on the consent of the appealing party]). Although tenant did not demonstrate that *41 relief was warranted under any of the categories of CPLR 5015 (a), he did demonstrate that the final judgment was defective and should be corrected, and that he was prejudiced by the incorrect recitation in the final judgment, as he was thereby precluded from directly appealing therefrom. Accordingly, we reverse the June 28, 2012 order of the Civil Court and grant tenant’s motion to the extent that the May 11, 2012 final judgment is vacated and the matter is remitted to the Civil Court for the entry of a proper final judgment, so that tenant may have an opportunity to appeal therefrom.
Tenant’s motion to, in effect, vacate the July 31, 2012 judgment awarding landlord attorney’s fees in the sum of $3,900 should also have been granted. That judgment similarly erroneously recites that it was “based upon a stipulation entered into between the parties” instead of indicating that it was entered after a hearing. Moreover, in view of the determination herein, the underlying final judgment in favor of landlord, entered May 11, 2012, is no longer extant and there is therefore no basis, at this juncture, for an award of attorney’s fees. For the foregoing reasons, tenant’s motion to, in effect, vacate the July 31, 2012 attorney’s fees judgment is granted without prejudice to landlord moving, following the entry of a proper final judgment, for the entry of a proper attorney’s fees judgment pursuant to the determination made following the June 28, 2012 hearing, and the direct appeal from the July 31, 2012 judgment is dismissed.
Aliotta, J.P., Pesce and Weston, JJ., concur.