*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    October 27, 2016                    521968
_____

HSBC BANK USA, NATIONAL
    ASSOCIATION, as Trustee for
    ACE SECURITIES CORPORATION
    HOME EQUITY LOAN TRUST,
    SERIES 2006-OP2 ASSET
    BACKED PASS-THROUGH
    CERTIFICATES,                             MEMORANDUM AND ORDER
                    Respondent,
        v

GREGORY SAGE,
                    Appellant,
                    et al.,
                    Defendants.
_____


Calendar Date:    September 12, 2016

Before:   Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ.

                    _____


        Gregory Sage, Kerhonkson, appellant pro se.

        Houser & Allison, APC, New York City (Eric D. Houser
admitted pro hac vice), for respondent.


                    _____


Clark, J.

        Appeal from an order of the Supreme Court (Melkonian, J.),
entered May 1, 2015 in Ulster County, which denied defendant's
motion to vacate a judgment of foreclosure.

        In 2009, after defendant Gregory Sage (hereinafter
defendant) defaulted on a note secured by a mortgage on his real
property, plaintiff commenced this action and, following joinder

of issue, moved for summary judgment striking defendant's answer and for the appointment of a referee. Defendant cross-moved for, among other things, leave to amend his answer to allege that plaintiff lacked standing to commence the action. Supreme Court granted plaintiff's motion and denied defendant's cross motion, and this Court affirmed (112 AD3d 1126 [2013], lvs dismissed 22 NY3d 1172, 23 NY3d 1015 [2014]). Thereafter, in 2014, defendant moved pursuant to CPLR 5015 (a) to vacate the judgment of foreclosure. Supreme Court denied the motion, and we now affirm.

A trial court may relieve a party from a judgment or order on the basis of "newly-discovered evidence which . . . would probably have produced a different result and which could not have been discovered in time [for a motion pursuant to CPLR] 4404" or on the basis of "fraud, misrepresentation, or other misconduct of an adverse party" (CPLR 5015 [a] [2], [3]). "A motion to vacate a prior judgment or order is addressed to the court's 'sound discretion, subject to reversal only where there has been a clear abuse of that discretion'" (Pritchard v Curtis, 101 AD3d 1502, 1503 [2012], quoting Maddux v Schur, 53 AD3d 738, 739 [2008]; see Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities, 70 NY2d 831, 832 [1987]).

Defendant sought to vacate the judgment of foreclosure on the basis of "newly-discovered evidence," including an affidavit from a handwriting analyst, allegedly demonstrating that the affidavit submitted by plaintiff to establish that it had standing to bring this foreclosure action was falsified. However, as this Court previously determined (112 AD3d at 1127), defendant waived his standing argument by failing to raise it in a pre-answer motion to dismiss or in his answer (see CNB Realty v Stone Cast, Inc., 127 AD3d 1438, 1439 [2015]; HSBC Bank USA, N.A. v Ashley, 104 AD3d 975, 975-976 [2013], lv dismissed 21 NY3d 956 [2013]). Moreover, defendant failed to demonstrate why this evidence was not available or could not, with due diligence, have been discovered at the time that he opposed plaintiff's motion for summary judgment (see Pritchard v Curtis, 101 AD3d at 1503; Maddux v Schur, 53 AD3d 738, 739 [2008]). In view of the foregoing, we discern no abuse of discretion in Supreme Court's denial of defendant's motion to vacate the judgment of foreclosure (see HSBC Bank USA, N.A. v Ashley, 104 AD3d at 975-

976; <u>Pritchard v Curtis</u>, 101 AD3d at 1503).

Defendant's remaining arguments, to the extent not explicitly addressed herein, have been examined and found to be lacking in merit.

Egan Jr., J.P., Lynch, Devine and Mulvey, JJ., concur.

ENTER:

Robert D. Mayberger
Clerk of the Court