Matter of Major v Beach (2020 NY Slip Op 02508)





Matter of Major v Beach


2020 NY Slip Op 02508


Decided on April 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 30, 2020

527799

[*1]In the Matter of Dante Major, Appellant,
v
George P. Beach II, as Superintendent of the New York State Police, Respondent.

Calendar Date: March 23, 2020

Before: Egan Jr., J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Dante Major, Stormville, appellant pro se.
Letitia James, Attorney General, Albany (Allyson B. Levine of counsel), for respondent.



Egan Jr., J.P.
Appeal from a judgment of the Supreme Court (Walsh, J.), entered September 26, 2018 in Albany County, which, in a proceeding pursuant to CPLR article 78, among other things, denied petitioner's motion for reconsideration based upon newly discovered evidence.
Following a jury trial, petitioner was convicted of operating as a major trafficker, criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree (two counts) and was sentenced to a lengthy term of incarceration (People v Major, 143 AD3d 1155 [2016], lv denied 28 NY3d 1147 [2017]). In May 2017, petitioner filed a request with the State Police under the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) seeking to obtain certain records associated with an investigation purportedly known as Operation Gold Rush. Petitioner was advised that, due to the volume of requests then pending, he would receive a written response on or before November 29, 2017. When no response was forthcoming by that date, petitioner deemed it to be a constructive denial of his request and, in November 2017, filed an administrative appeal with the records appeal officer.
Following the expiration of the statutory time frame for a response to his appeal letter (see Public Officers Law § 89 [4] [a]), petitioner moved by order to show cause in January 2018 seeking release of the requested materials. The day after Supreme Court (Hartman, J.) signed the order to show cause, a representative of the State Police replied to petitioner's appeal letter, advising that a search of that agency's records failed to locate any materials responsive to Operation Gold Rush and noting that any records maintained by the State Police relative to the individuals identified in petitioner's request could only be released by court order. Petitioner responded by letter dated January 22, 2018, acknowledging that his reference to Operation Gold Rush may have been incorrect and seeking "to clear up any misunderstanding concerning [his] request for records in the custody of the . . . State Police." To that end, petitioner noted that four of the individuals named in his May 2017 request had been arrested by the State Police, provided the corresponding incident number for those arrests and referenced the search warrant applications and recorded interviews associated therewith. Respondent answered and sought dismissal of the petition as moot, noting, among other things, that the State Police could not be required to produce records that it did not possess.
By judgment dated August 1, 2018, Supreme Court (Walsh, J.) found that the petition, insofar as is pertained to petitioner's May 2017 FOIL request, was moot given a January 10, 2018 letter from a representative of the State Police indicating that a search of that agency's files failed to disclose any responsive records. Supreme Court deemed petitioner's January 22, 2018 clarification letter to be an amended FOIL request; as petitioner had yet to receive a response to that amended request, Supreme Court found that he had failed to exhaust his administrative remedies in that regard. As a result, Supreme Court dismissed the balance of the petition without prejudice and directed respondent to respond to petitioner's amended FOIL request within 60 days of entry of the court's judgment.
In the interim, and apparently unbeknown to Supreme Court, the State Police — by letters dated April 2, 2018 and June 5, 2018 — responded to petitioner's amended FOIL request, as the result of which petitioner was provided with certain incident and arrest reports and additional documentation. The balance of petitioner's amended request was denied based upon the representation that the sought-after records were either exempt from disclosure, had been destroyed or were not otherwise in the possession of the State Police. Petitioner was expressly advised that he had 30 days within which to file an administrative appeal with respect to the portion of his request that had been denied.
Rather than pursue an administrative appeal, petitioner moved to renew under CPLR 2221 contending that the aforementioned letters constituted newly discovered evidence. Respondent opposed petitioner's motion, again arguing, among other things, that petitioner had failed to exhaust his administrative remedies. Petitioner replied, asserting for the first time that the pursuit of such remedies would be futile. By judgment entered September 26, 2018, Supreme Court, among other things, denied petitioner's motion, noting that, regardless of whether petitioner's motion was characterized as one to renew under CPLR 2221 (e) (2) or for relief from a judgment under CPLR 5015 (a) (2), the proffered letters did not constitute newly discovered evidence and, in any event, would not have altered the court's decision to dismiss the petition, in part, upon petitioner's failure to exhaust his administrative remedies. Petitioner appeals from the denial of his motion for reconsideration.
We affirm. A party seeking relief based upon newly discovered evidence bears the burden of demonstrating that such proof "'could not have been discovered sooner through the exercise of due diligence and that it would likely produce a different result'" (Matter of Jones v Hickey, 126 AD3d 1247, 1248 [2015], appeal dismissed 26 NY3d 950 [2015], quoting Matter of Vega v Fischer, 108 AD3d 955, 955 [2013], lv dismissed 22 NY3d 953 [2013]; see generally Creech v Rufa, 101 AD3d 1224, 1226-1227 [2012]). Although the letters upon which petitioner relies were tendered after the return date of the order to show cause, petitioner does not deny receiving the letters prior to the issuance of Supreme Court's August 2018 judgment and has offered no explanation for failing to bring those letters to the attention of the court prior to the issuance thereof. In any event, as Supreme Court observed, the April 2018 and June 2018 letters — transmitting certain documents sought by petitioner and denying production of the balance of petitioner's request — would not have produced a different result, as nothing in the record before either Supreme Court or this Court demonstrates that petitioner availed himself of the opportunity to pursue an administrative appeal as outlined in the June 2018 letter. Absent evidence that petitioner exhausted his administrative remedies, Supreme Court properly denied the motion for reconsideration.
Given that petitioner appealed only the denial of his motion for reconsideration, his arguments regarding the merits of his FOIL request, including his assertions that the State Police failed to conduct a diligent search for the requested records, that such records are not exempt from disclosure and/or that Supreme Court erred in dismissing a portion of his petition as moot, are not properly before us. To the extent that petitioner's remaining contentions, including his assertions that further resort to administrative remedies would be futile and that he is entitled to certain fees and costs, are properly before us, they have been examined and found to be lacking in merit.
Clark, Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.