Cruz v Cruz (2020 NY Slip Op 05004)





Cruz v Cruz


2020 NY Slip Op 05004


Decided on September 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 17, 2020

528355

[*1]Lisa A. Cruz, Respondent,
v
David Cruz, Appellant.

Calendar Date: August 19, 2020

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Pritzker, JJ.


Law Office of Dennis R. Vetrano, Jr., LLC, Beacon (Kristen D. Farris of counsel), for appellant.
Lisa A. Cruz, Kingston, respondent pro se.



Devine, J.
Appeal from an order of the Supreme Court (Schreibman, J.), entered September 26, 2018 in Ulster County, which, among other things, partially denied defendant's cross motion to, among other things, renew, reargue and/or resettle a judgment of divorce.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 1988 and had two unemancipated children (born in 1995 and 1996) at the time this divorce action was commenced in 2011. A preliminary conference stipulation and order was executed that, among other things, narrowed the issues in dispute to equitable distribution, maintenance and child support. The stipulation and order further directed the husband to pay $500 a week in temporary maintenance and cover certain residential and vehicle expenses. A nonjury trial on the unresolved issues was conducted in 2013 before Supreme Court (Melkonian, J.), which directed the parties to submit proposed findings of fact and conclusions of law within 45 days upon receipt of the transcript. Following a prolonged period of inactivity, findings of fact and conclusions of law, as well as a judgment of divorce, were submitted and signed in 2016. The judgment directed, among other things, that the husband pay the wife $500 a week in nondurational maintenance, as well as child support and an unspecified amount of counsel fees. The original documents were lost and never filed, but duplicates were signed in July 2016, entered in October 2017, and provided to the husband in November 2017. No appeal appears to have been taken from the judgment.
The wife thereafter moved to hold the husband in contempt for his failure to, among other things, pay maintenance and counsel fees as directed by the judgment. The husband cross-moved for renewal, reargument, resettlement and/or vacatur of the judgment. Supreme Court (Schreibman, J.) granted the wife's motion in part, finding that the husband had willfully failed to make maintenance payments as required by the judgment. The court rejected most of the arguments advanced by the husband in his cross motion, but did direct further proceedings so that the amount of the counsel fees awarded by the judgment could be specified. The husband appeals, focusing upon the partial denial of his cross motion.
We affirm. The denial of that part of the husband's cross motion seeking resettlement of substantive portions of the judgment is not appealable (see Matter of Biasutto v Biasutto, 75 AD3d 671, 672 [2010]; Herzog v Town of Thompson, 251 AD2d 917, 919 [1998], lv dismissed and denied 92 NY2d 943 [1998]). As for the husband's attempt to seek renewal and/or reargument, Supreme Court correctly determined that CPLR 2221 is not an appropriate vehicle to "challeng[e] a judgment entered after trial" (DeMaille v State of New York, 166 AD3d 1405, 1408 [2018]; see Maddux v Schur, 53 AD3d 738, 739 [2008]; Able v Able, 209 AD2d 972, 972 [1994]). Supreme Court therefore properly denied the husband's request for reargument and treated his request for renewal as one to vacate the judgment due to proof that, "if introduced at the trial, would probably have produced a different result and which could not have been discovered in time to move for a new trial" (CPLR 5015 [a] [2]; see Elsawi v Saratoga Springs City Sch. Dist., 179 AD3d 1186, 1189 [2020]; Maddux v Schur, 53 AD3d at 739).[FN1] The husband separately argued in his cross motion that vacatur was warranted, which Supreme Court construed as an invitation to exercise its "inherent power to vacate one of its judgments 'for sufficient reason and in the interests of substantial justice'" (State of New York v Moore, 179 AD3d 1162, 1162-1163 [2020], quoting Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; see Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 226 [2013]). In assessing whether Supreme Court erred in resolving these requests for vacatur, we note that such "is addressed to the court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (HSBC Bank USA, N.A. v Sage, 143 AD3d 1214, 1215 [2016] [internal quotation marks and citations omitted]; see Matter of Vosilla, 121 AD3d 1489, 1494 [2014]).
With regard to the newly discovered facts that purportedly warranted vacatur, the husband alleged that the wife's prior counsel had covered her household expenses in the leadup to trial and was thereafter suspended from practicing law in 2016. The former fact was a subject of testimony at trial, however, and there is no proof as to how the latter, posttrial development could have affected the outcome of the trial itself. Supreme Court did not, as a result, abuse its discretion in denying vacatur pursuant to CPLR 5015 (a) (2) (see Matter of Vosilla, 121 AD3d at 1494). As for Supreme Court's inherent power to vacate one of its judgments, the husband argued that vacatur was warranted because of various discrepancies and legal errors in the judgment. The husband's argument founders upon the fact that "a motion to vacate is not another means by which to raise an issue of law that could have been raised had the party timely perfected [a direct] appeal" (Dyno v Lewis, 300 AD2d 784, 785 [2002], lv dismissed 99 NY2d 651 [2003]; see Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [1984]).[FN2] In any event, many of the husband's complaints are either belied by the record or amount to disagreement with determinations, such as a nondurational award of maintenance to the wife, that were legally permissible. The remainder relate to errors in the judgment, such as a child support obligation that terminated in 2016 and a discrepancy in the grounds for divorce, that have no practical impact upon the husband going forward. Thus, after assessing "the facts of the particular case, the equities affecting each party and others affected by the judgment. . ., and the grounds for the requested relief," we cannot say that Supreme Court abused its discretion in declining to exercise its inherent power to vacate the judgment (Hodge v Development at Helderberg Meadows, LLC, 114 AD3d 1122, 1123 [2014] [internal quotation marks and citations omitted]; see KLCR Land Corp. v New York State Elec. & Gas Corp., 15 AD3d 719, 720 [2005]; Dyno v Lewis, 300 AD2d at 785).
The husband's arguments, to the extent not addressed above, have been examined and lack merit.
Egan Jr., J.P., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The husband suggests that his cross motion could also be construed as one to set aside the judgment pursuant to CPLR 4404 (b), but overlooks that the cross motion was made well past 15 days "after decision, verdict or discharge" and was therefore untimely (CPLR 4405; see Casey v Slattery, 213 AD2d 890, 891 [1995]).

Footnote 2: In support of his cross motion, the husband averred that he was not served with written notice of entry when he received the judgment in 2017 and that, as a result, his time to take an appeal did not begin to run (see CPLR 5513; Gramercy Park Residence Corp. v Ellman, 96 AD3d 423, 424 [2012]; Blumenthal v Syracuse Sav. Bank, 172 AD2d 1073, 1073 [1991]). It is accordingly perplexing why the husband did not raise his objections to the judgment in an appeal from it — rendering that appeal timely by either serving written notice of entry himself or waiting until the wife did so in July 2018 — rather than attacking the judgment via motion practice (see CPLR 5513 [a]).