Globe Trade Capital, LLC v Hoey (2021 NY Slip Op 06157)





Globe Trade Capital, LLC v Hoey


2021 NY Slip Op 06157


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2020-02546
 (Index No. 8495/14)

[*1]Globe Trade Capital, LLC, respondent,
v
Thomas J. Hoey, Jr., et al., appellants, et al., defendants.


Joseph T. Adragna, Huntington, NY, for appellants.
Meyer, Suozzi, English & Klein, P.C., Garden City, NY (Howard B. Kleinberg of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Thomas J. Hoey, Jr., and Wendy Hoey, individually and as trustees of the Thomas J. Hoey Jr. and Wendy Hoey Living Trust, appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered December 20, 2019. The order denied those defendants' motion, inter alia, pursuant to CPLR 5015(a)(2) and (3) to vacate a judgment of foreclosure and sale of the same court (Daniel R. Palmieri, J.) entered September 5, 2017.
ORDERED that the order is affirmed, with costs.
In this mortgage foreclosure action, the Supreme Court entered a judgment of foreclosure and sale on September 5, 2017. The defendants Thomas J. Hoey, Jr., and Wendy Hoey (hereinafter together the defendants), who were sued individually and in their capacities as trustees of the Thomas J. Hoey Jr. and Wendy Hoey Living Trust, moved, inter alia, pursuant to CPLR 5015(a)(2) and (3) to vacate the judgment of foreclosure and sale. The Supreme Court denied the motion. The defendants appeal.
Contrary to the plaintiff's contention, the sale of the subject property did not render this appeal academic (see CPLR 5015[d]; 5523; U.S. Bank Natl. Assn. v Vanvliet, 24 AD3d 906, 909; see also CIT Tech. Fin. Servs., Inc. v Tricycle Enters., Inc., 13 AD3d 783, 784).
However, as the Supreme Court found, the defendants failed to establish their entitlement to vacatur of the judgment of foreclosure and sale based on newly discovered evidence. In order to succeed on a motion pursuant to CPLR 5015(a)(2) to vacate an order or judgment on the ground of newly discovered evidence, the movant must establish that the evidence could not have been discovered earlier through the exercise of due diligence (see Ferdico v Zweig, 82 AD3d 1151, 1152; Sieger v Sieger, 51 AD3d 1004, 1005) and that the newly discovered evidence would likely have produced a different result (see Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d 1088, 1089; IMC Mtge. Co. v Vetere, 142 AD3d 954, 955). Here, the new evidence submitted on the defendants' motion would not have changed the outcome of the motions that resulted in the judgment of foreclosure and sale (see Anghel v Ruskin Moscou Faltischek, P.C., 190 AD3d 903, 905; Cruz v [*2]Cruz, 186 AD3d 1796, 1798).
Further, the defendants did not establish that the judgment of foreclosure and sale should be vacated on the grounds of fraud, misrepresentation, or other misconduct. "'CPLR 5015(a)(3) permits a court to vacate a judgment or order upon the ground of fraud, misrepresentation, or other misconduct of an adverse party'" (U.S. Bank, N.A. v Robinson, 168 AD3d 1120, 1121, quoting EMC Mtge. Corp. v Toussaint, 136 AD3d 861, 862-863). The defendants failed to show that any alleged fraud, misrepresentation, or misconduct was attributable to the plaintiff, or that any such alleged conduct was material to the action (see Anghel v Ruskin Moscou Faltischek, P.C., 190 AD2d at 905-906; Deutsche Bank Natl. Trust Co. v Afram, 188 AD3d 593, 594; see also Deutsche Bank Natl. Trust Co. v Conway, 169 AD3d 641, 642).
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendants' motion, inter alia, pursuant to CPLR 5015(a)(2) and (3) to vacate the judgment of foreclosure and sale.
RIVERA, J.P., HINDS-RADIX, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court