Matter of Romine v New York Pub. Serv. Commn. (2022 NY Slip Op 06040)

Matter of Romine v New York Pub. Serv. Commn.

2022 NY Slip Op 06040

Decided on October 27, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 27, 2022

533446
[*1]In the Matter of Stephen P. Romine, Appellant,
v
New York Public Service Commission et al., Respondents.

Calendar Date:September 12, 2022

Before:Egan Jr., J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Stephen P. Romine, Woodstock, appellant pro se.
Robert Rosenthal, General Counsel, Albany (Timothy Pavelka of counsel), for New York Public Service Commission, respondent.
Rizzo & Kelley, PLLC, Poughkeepsie (Christina M. Bookless of counsel), for Central Hudson Gas & Electric Corp., respondent.

Fisher, J.
Appeal from a judgment of the Supreme Court (Margaret Walsh, J.), entered April 30, 2021 in Albany County, which, in a proceeding pursuant to CPLR article 78, among other things, denied petitioner's motion to vacate a prior judgment of the court.
In 2014, respondent Public Service Commission (hereinafter PSC) approved tariff amendments filed by respondent Central Hudson Gas & Electric Corporation which established two fees for residential customers who choose to opt out of using Automated Meter Reading (AMR) meters. Such amendments also authorized Central Hudson to replace the AMR meters with a "standard (typically solid-state), non-communicating meter." Thereafter, customers filed petitions with the PSC, requesting that it eliminate the fees and order Central Hudson to offer customers an electromechanical meter as a replacement for installed AMR meters. Such petitions alleged, among other things, that the AMR meters and the solid-state meters posed significant health and safety risks that electromechanical meters did not. In an October 2017 order, the PSC found that AMR meters and solid-state meters posed no credible threat to the health and safety of the customers and, in any event, electromechanical meter technology was obsolete and was not then in production by any major meter manufacturer. A month later, two organizations requested a rehearing and reconsideration, primarily alleging that the PSC ignored facts and genuine concerns about the safety of the meters. In a December 2018 order, the PSC denied both requests, finding that the issues raised had been properly considered and rejected in the 2017 order.
Petitioner, a Central Hudson customer and a member of one of the organizations that sought rehearing and reconsideration, commenced this CPLR article 78 proceeding seeking to annul a portion of the 2017 order denying the customers' requests to provide them with electromechanical meters, to annul the 2018 order and to direct a new hearing. Supreme Court dismissed the petition on the merits, finding that although "[p]etitioner allege[d] the existence of scientific and other studies offering differing opinions and conclusions, the [PSC] nevertheless set forth a rational basis for its findings that neither AMR nor solid[-]state meters pose a credible threat to the health and safety of the public, including Central Hudson's customers." Further, the court concluded that, in the 2018 order, "the [PSC] rationally concluded that . . . [p]etitioner failed to establish an error of fact or conclusion of law or new circumstances justifying a new hearing." Approximately a year later, petitioner moved to vacate the judgment dismissing the petition based on the grounds of newly discovered evidence (see CPLR 5015 [a] [2]) and fraud and misrepresentation (see CPLR 5015 [a] [3]). After reviewing the facts properly before it, Supreme Court denied the motion to vacate. Petitioner appeals.
We affirm. "A motion to vacate a prior judgment or order is addressed [*2]to the court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (HSBC Bank USA, N.A. v Sage, 143 AD3d 1214, 1215 [3d Dept 2016] [internal quotation marks and citations omitted]). A party seeking relief from a judgment upon the ground of newly discovered evidence "bears the burden of demonstrating that such proof could not have been discovered sooner through the exercise of due diligence and that it would likely produce a different result" (Matter of Major v Beach, 182 AD3d 941, 943 [3d Dept 2020] [internal quotation marks and citations omitted]; see CPLR 5015 [a] [2]). Here, Supreme Court properly found that petitioner's exhibits did not constitute newly discovered evidence because such exhibits were either created after the original determination was made (see Matter of Kylene FF. v Thomas EE., 137 AD3d 1488, 1491-1492 [3d Dept 2016]; Matter of Dyno v Village of Johnson City, 255 AD2d 737, 737 [3d Dept 1998]; see also JPMorgan Chase Bank, N.A. v Borukhov, 203 AD3d 808, 809 [2d Dept 2022]), or, although in existence, were not made part of the administrative record and petitioner did not proffer an explanation for the omission (see Matter of Major v Beach, 182 AD3d at 943; HSBC Bank USA v Sage, 143 AD3d at 1215). Even had petitioner made such a showing, he failed to demonstrate how this new evidence would produce a different result (see CPLR 5015 [a] [2]; Cruz v Cruz, 186 AD3d 1796, 1798 [3d Dept 2020]; Matter of Major v Beach, 182 AD3d at 943).
Additionally, a "court may relieve a party from a judgment where there is fraud, misrepresentation, or other misconduct of an adverse party" (Elsawi v Saratoga Springs City Sch. Dist., 179 AD3d 1186, 1189 [3d Dept 2020] [internal quotations marks omitted]; see Carlson v Dorsey, 161 AD3d 1317, 1318 [3d Dept 2018]; see also CPLR 5015 [a] [3]), however, "[c]onclusory allegations are not sufficiently indicative of fraud, misrepresentation, or other misconduct to warrant vacatur of [an] order pursuant to CPLR 5015 (a) (3)" (Matter of Callwood v Cabrera, 49 AD3d 394, 394-395 [1st Dept 2008] [internal quotation marks omitted]). Although petitioner identified several issues — including the responses to his FOIL requests — about which he claimed respondents made false statements or misrepresentations to Supreme Court, the record belies his contentions. In its 2017 order, the PSC extensively went through the filed petitions and party comments in support, reviewing various sources presented to it and citing resources that were being referenced or considered. Contrary to petitioner's arguments, the response to his FOIL requests did not demonstrate that the PSC examined no peer-reviewed studies before it issued the 2017 order, but rather that the FOIL requests were denied because they were not properly made. The 2018 order acknowledged evidence that was previously presented in the 2017 order, explicitly noting that the PSC "again" considered the alleged health risks posed [*3]by AMR and solid-state meters, but ultimately concluded that reconsideration was not warranted. As such, the allegations of fraud and misrepresentation on the part of the PSC and Central Hudson are unsupported by the record (see Matter of McLaughlin, 111 AD3d 1185, 1186 [3d Dept 2013]; Matter of Callwood v Cabrera, 49 AD3d at 394-395). Accordingly, Supreme Court did not abuse its discretion in denying petitioner's motion to vacate (see CPLR 5015 [a] [2], [3]; HSBC Bank USA, N.A. v Sage, 143 AD3d at 1215).
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed, without costs.