Wilmington Sav. Fund Socy., FSB v Gass (2022 NY Slip Op 06840)

Wilmington Sav. Fund Socy., FSB v Gass

2022 NY Slip Op 06840

Decided on December 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 1, 2022

527704
[*1]Wilmington Savings Fund Society, FSB, Respondent,
v
Marian M. Gass, Appellant.

Calendar Date:October 11, 2022

Before:Garry, P.J., Clark, Aarons, Pritzker and Fisher, JJ.

Marian M. Gass, Troy, appellant pro se.
Knuckles, Komosinski & Manfro, LLP, Elmsford (Max T. Saglimbeni of counsel), for respondent.

Garry, P.J.
Appeal from an order of the Supreme Court (Raymond J. Elliott III, J.), entered August 15, 2018 in Rensselaer County, which denied defendant's motion to vacate a judgment of foreclosure and sale.
In April 2000, defendant executed a note and mortgage in favor of one of plaintiff's predecessors in interest, Option One Mortgage Corporation, with respect to certain real property. Shortly thereafter, defendant defaulted on her obligations under the note, and Option One commenced an action to foreclose upon the property. Option One later assigned the note and mortgage to EMC Mortgage Corporation. After defendant failed to answer or move to extend the time within which to do so, Supreme Court (Ceresia Jr., J.) found defendant to be in default and appointed a referee. In June 2004, EMC commenced a separate foreclosure action against defendant, and the two actions were later consolidated. In August 2011, defendant unsuccessfully moved to dismiss the consolidated action for lack of standing. Defendant filed a supplemental motion on the same ground in May 2012, which Supreme Court (M. Lynch, J.), treating it as a motion to renew, granted, effectively excusing defendant's default. In February 2014, this Court reversed that determination as defendant had made no attempt to answer either complaint or seek leave to do so belatedly (114 AD3d 1074, 1075-1076 [3d Dept 2014]). EMC later assigned the mortgage to plaintiff, and, in March 2017, Supreme Court (Elliott III, J.) granted plaintiff a judgment of foreclosure and sale upon defendant's default. The property was sold in October 2017. Thereafter, defendant filed a motion seeking to vacate the judgment, asserting that she had discovered a partially-executed October 2004 forbearance agreement between herself and EMC, allegedly concealed from the court by plaintiff, that proves that she answered the June 2004 complaint and that she has a defense to the foreclosure action. Supreme Court denied that motion, and defendant appeals.
A party may seek to vacate a judgment on several grounds, including newly-discovered evidence if the evidence probably would have produced a different result (see CPLR 5015 [a] [2]) and fraud or other misconduct by an adverse party (see CPLR 5015 [a] [3]). Whether to grant such a motion is addressed to the sound discretion of the court that rendered the judgment, "subject to reversal only where there has been a clear abuse of that discretion" (Reverse Mtge. Solutions, Inc. v Lawrence, 200 AD3d 1146, 1148 [3d Dept 2021] [internal quotation marks and citations omitted]; see Federal Natl. Mtge. Assn. v Banks, 198 AD3d 1222, 1224 [3d Dept 2021]).
We initially agree with Supreme Court that the October 2004 forbearance agreement, which defendant located in her own possession, cannot constitute newly-discovered evidence as defendant failed to satisfy her burden of demonstrating that the agreement "could not have been discovered sooner through the exercise of due diligence" (Matter of Major v [*2]Beach, 182 AD3d 941, 943 [3d Dept 2020] [internal quotation marks and citations omitted]; see Evergreen Bank v Dashnaw, 262 AD2d 737, 738 [3d Dept 1999]; S.A.B. Enters. v Stewart's Ice Cream Co., 242 AD2d 845, 846 [3d Dept 1997], lv dismissed 91 NY2d 848 [1997]). In any event, defendant has not demonstrated that the agreement would have changed the outcome of this action. Although the agreement contains a borrower's acknowledgment that defendant received one of the subject complaints, there is nothing to suggest that defendant answered same. In further support of her motion, defendant proffered copies of two cashier checks, payable to EMC, totaling the sum due at the time the forbearance agreement was to be signed. Even assuming that those checks were delivered to and accepted by EMC, the agreement makes clear that payment of that specific sum would not reinstate the loan or cure defendant's default.[FN1] Defendant's claim of extrinsic fraud, or misconduct more generally, is unsubstantiated (see Carlson v Dorsey, 161 AD3d 1317, 1320 [3d Dept 2018]; Matter of McLaughlin, 111 AD3d 1185, 1186 [3d Dept 2013]; see generally CDR CrÉances S.A.S. v Cohen, 23 NY3d 307, 318-321 [2014]).
Finally, we note that defendant appeared at oral argument and asserted that, when the foreclosure actions were commenced against her, she had relied upon counsel to appear on her behalf, further adding that she had made some payments through the years. Although we are not without any sympathy, it remains that no such appearance or payments were revealed or documented in the record. We therefore discern no basis upon which to disturb Supreme Court's discretionary determination.
Clark, Aarons, Pritzker and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: For the same reasons, any relief sought pursuant to CPLR 5015 (a) (1), even if timely (see generally Hayes v Village of Middleburgh, 140 AD3d 1359, 1362 [3d Dept 2016]), would be unwarranted. Any claim of intrinsic fraud must similarly fail for lack of a meritorious defense (see McCue v Trifera, LLC, 173 AD3d 1416, 1419 [3d Dept 2019]; see generally Oppenheimer v Westcott, 47 NY2d 595, 603 [1979]).