**Freije v Town of Union Zoning Bd. of Appeals**

2025 NY Slip Op 33502(U)

September 25, 2025

Supreme Court, Broome County

Docket Number: Index No. EFCA2024001720

Judge: Eugene D. Faughnan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

PRESENT: HON. EUGENE D. FAUGHNAN
      Justice Presiding

STATE OF NEW YORK
SUPREME COURT: COUNTY OF BROOME

---

RYAN FREIJE,

          Petitioner,

vs.

TOWN OF UNION ZONING BOARD OF
APPEALS and TOWN OF UNION,

          Respondents.

DECISION AND ORDER

Ino. EFCA2024001720

---

APPEARANCES:

Counsel for Petitioner:     BUTLER MUCCI AND GRACE LLP
               By: Matthew Butler, Esq.
               231-241 Main Street
               Vestal, NY 13850

Counsel for Town Respondents:  COUGHLIN AND GERHART LLP
               By: Alan J. Pope, Esq.
               99 Corporate Drive
               P.O. Box 2039
               Binghamton, NY 13904

Counsel for non-party
Thomas A. Burke:       MELVIN AND MELVIN PLLC
               By: Roger W. Bradley, Esq.
               Seventh Floor
               217 South Salina Street
               Syracuse, NY 13202-1390

[* 1]

**EUGENE D. FAUGHNAN, J.S.C.**

This matter is before the Court to consider an application/motion by non-party Thomas Burke ("Burke"), challenging a Decision, Order and Judgment of this Court dated April 10, 2025. The subject matter of the Court's April 10, 2025 decision was an application for an area variance filed by Petitioner Ryan Freije ("Freije") with Respondent Town of Union Zoning Board of Appeal ("ZBA") concerning a building project Freije was undertaking in the Town of Union ("Town"). Burke characterizes his motion as one to renew or reargue, or, if necessary, to intervene. All the parties to the current action have opposed Burke's request. Oral argument was conducted, and attorneys were present for all named parties, as well as for Mr. Burke. After due deliberation, the Decision and Order constitutes the determination of this Court.[1]

## BACKGROUND FACTS

Freije commenced an Article 78 proceeding on June 27, 2024, challenging the ZBA's denial of two area variances he had filed in connection with the construction of a pole barn/garage on his property.[2] Freije owns a 22-acre parcel of property in Endwell, New York, in the Town of Union. He sought to build a house and detached building on the property but there were topographical factors which constrained the way he was able to utilize the property, and caused him to evaluate the possibility of needing to obtain area variances from the Town.

On February 16, 2024, Freije submitted an application for two (2) area variances to the Town of Union ZBA. The first variance was to allow Freije to locate the proposed structure even with, or slightly in front of, the design location of the house. The second variance was to allow a garage that exceeded height restrictions, because Freije wanted to have a second-floor workspace.

In accordance with the normal procedure in the Town, the application was first submitted to the Town of Union Planning Board for review and an official recommendation. The Planning Board met at a regularly scheduled meeting to review both requested variances. The Planning

---

[1] The Court has considered all the papers filed in support and opposition to the motion/application, as well as all the other documents contained in the electronic case file.

[2] Burke's papers include various correspondence and evidence referring to the structure as a "pole barn", "barn/ garage structure" or "accessory building". The April 10, 2025 determination from the Court refers to it as a garage.

Board voted unanimously to recommend approval of both area variances. The matter then went to the ZBA, which advertised and held a public hearing on Freije's area variances on March 25, 2024. Certain landowners in the area came to the ZBA meeting and voiced their opposition. The ZBA decided to consider the matter further and held the issue over to another meeting. The ZBA advertised and held a follow up ZBA meeting on the area variances on April 29, 2024. By Decision dated June 4, 2024, the Town of Union ZBA issued a written decision denying both of Freije's area variances, leading to Freije filing an Article 78 action challenging the denial. The Petition was given a return date of September 30, 2024, but upon the recusal of Honorable Oliver N. Blaise, III, the matter was reassigned to the undersigned and given a return date of October 25, 2024. The parties advised the Court that they were negotiating toward a possible overall resolution and requested that the case be adjourned to December. Meanwhile, the parties had a conference with the Court and the return date on the Petition was once again adjourned so the parties could negotiate further.

On January 9, 2025, the Town and ZBA filed a Verified Answer, affidavits in response to the Petition and the Certified Transcript of Proceedings related to the proceedings before the ZBA. The Petition was returnable before the Court on January 24, 2025, on submission only. Subsequently, a filing was made by Kevin McDonough, Esq., on February 12, 2025, seeking to intervene, but without a specific motion for the same. Respondents objected to the submission. The Court determined that the submission from Mr. McDonough, Esq. would not be considered, since it was after the return date and there being no valid notice of motion to intervene.

As to Freije's Petition, the parties noted that since the filing of the Article 78, Freije had redesigned the orientation of the house and garage to comply with Town of Union Local Law Code Section 300-20.5, thereby mooting Freije's first area variance request. Freije's second area variance request was about the height of the garage structure, and Respondents conceded there was an inadvertent miscalculation by the ZBA. Pursuant to Town of Union Code Section 300-70.2 – "Building Height" for a pitched roof, the measurement should have been from the average elevation height of the finished grade to the average elevation height of the pitched roof. With a corrected calculation, the height variance that would be required is 6' 9", and not 10'6" as originally calculated and reviewed by the ZBA. Several similar height variances had previously been granted ZBA, which supported granting Freije's application as well. Based on the factors, the Court found that the first variance was moot and the second variance should be granted based

[* 3]

on the correct calculations. The Decision, Order and Judgment was signed on April 10, 2015, filed in the Clerk's Office on April 11, 2025 and Notice of Entry was filed on April 14, 2025.

On May 14, 2025, Burke filed a Notice of Motion seeking to "renew and reargue" the Court's April 10, 2025 Decision, Order and Judgment "and, if necessary, to intervene in the action." At the time, Mr. Burke did not have counsel.[3] However, Attorney McDonough was again part of the request to upend the approval of the area variances. In support of the motion, Burke submitted an affidavit notarized by Mr. McDonough (although the notary attestation does not contain a stamp or indication of when his notary license expires), and an affirmation that contains personal assertions of Mr. McDonough, but is subscribed by Mr. McDonough as well Thomas A. Burke and Lisa C. Burke. If it is Mr. McDonough's affirmation, it does not need co-signatures or a notary, so the purpose of the additional signatures is not clear. It does not appear to be a joint affirmation because it refers to statements regarding Mr. McDonough's personal assertions. Regardless, the submission has been reviewed by the Court.

## LEGAL DISCUSSION AND ANALYSIS

The procedure and rules for a motion to renew or to reargue are contained in CPLR 2221, which permits a combined motion to renew or reargue and requires the movant to separately identify and support each item. CPLR 2221(d); *See, Reus v. ETC Hous. Corp.*, 203 AD3d 1281 (3rd Dept. 2022). Even in a combined motion, the Court must consider the factors for each type of motion.

A motion to reargue is "based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion" [CPLR 2221(d)(2)] and must "be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry" CPLR 2221(d)(3). The motion to reargue "is not designed to afford an unsuccessful litigant the opportunity to present arguments different from those originally asserted or to re-litigate an issue previously decided" [*McGill v. Goldman*, 261 AD2d 593, 594 (2nd Dept. 1999); *see, Rodriguez v. Gutierrez*, 138 AD3d 964 (2nd Dept. 2016); *Matter of Mayer v. National Arts Club*, 192 AD2d 863 (3rd Dept. 1993)], and is not meant to "afford another bite

---

[3] Mr. Burke obtained counsel who filed a Notice of Appearance on June 5, 2025, the day prior to oral argument on the motion, and counsel was present and heard at oral argument.

4

of the apple" *Weaver v. Weaver*, 198 AD3d 1140, 1144 (3rd Dept. 2021). Burke's motion contains a three-page affidavit of Thomas Burke, with attachments, but does not identify anything that the Court overlooked or misapprehended. Any references with respect to the earlier affidavit of Mr. McDonough, or to materials allegedly left out of the record, do not constitute identification or support of an argument as to what the Court may have overlooked or misapprehended in making its ruling of April 10, 2025.

Further, Burke's motion was filed on May 14, 2025, more than 30 days after the Decision, Order and Judgment was signed (April 10, 2025) or even filed (April 11, 2025). While it is true that CPLR 2221(d)(3) refers to service of the order with notice of entry, service was not required to be made upon Burke since he is not a party to the action. If anything, the language about service of the order in CPLR 2221(d)(3) suggests that the motion to reargue is limited to a party to the action. Burke has no standing to challenge a determination in an action where he is not a party. Even beyond the standing question, Burke has not provided any support for extending the time for a motion to reargue to be made any later than 30 days of the entry of the order. He is not a party to the action, and his motion was filed more than 30 days after the judgment was rendered. Therefore, the motion to reargue is denied.

The Court will now turn to the motion to renew, which is not limited to 30 days. "A motion to renew must be based on new facts not previously offered that would change the prior determination and must contain a reasonable justification for the failure to present such facts on the original motion" *Matter of James H. Supplemental Needs Trusts*, 172 AD3d 1570, 1574 (3rd Dept. 2019) (citations omitted); see CPLR 2221 (e)(2) and (3). The motion cannot be used as "a second chance to remedy inadequacies that occurred in failing to exercise due diligence in the first instance" *Walden v. Varricchio*, 195 AD3d 1111, 1114 (3rd Dept. 2021), *quoting Wright v. State of New York*, 192 AD3d 1277, 1278 (3rd Dept. 2021).

The Court will consider the three criteria for a motion to renew: 1) existence of new facts not previously offered; 2) that evidence would change the Court's prior determination and 3) reasonable justification for not presenting the evidence earlier. First, Burke has not shown any facts on this motion that were not previously offered (in McDonough's unsuccessful application to intervene). In fact, Burke's motion simply uses Mr. McDonough's February 9, 2025 submission which was rejected by the Court. Second, Burke has also failed to demonstrate how that evidence would change the Court's prior determination. Burke contends that the ZBA denial

5

of variances was correct and should not have been changed. However, as reflected in the Court's April 10, 2025 determination, after a re-calculation of the proper height measurements, the granting of a height variance was appropriate. Burke's affidavit summarily alleges that the height measurements had nothing to do with the ZBA's denial of the variances, but he did not explain how he reached that conclusion, and the Court's review of the record shows that the height restriction was the impetus of the variance request and determination(s). Even if CPLR 2221 is available to Burke, the merits and grounds for the ZBA's initial decision are not the proper inquiry at this point. Contrary to Burke's statement, the actual issue is the height of the garage above the permitted height and whether similar height variances have been granted that would justify the current variance. The ZBA was not considering the proper height calculations. Third, Burke has also not shown that the evidence could not have been submitted earlier. His lack of being a party does not justify any delay since Mr. Burke was aware of the Article 78 proceeding prior to the Court's April 10, 2025 determination. Mr. and Mrs. Burke both signed an affirmation on February 9, 2025 in support of Mr. McDonough's prior request. Burke was working with Mr. McDonough before the April 10, 2025 decision. Even though Burke was aware of the action, his current application/motion is untimely and should have been submitted earlier. Therefore, Burke has failed to establish any of the three conditions for a motion to renew.

Mr. Burke has failed to show standing to file an application to renew when he was not a party to the motion, and where he has never been a party; he has not offered new facts not previously considered, or explained why the evidence could not have been presented earlier. The dissatisfaction of Burke and other neighbors does not bear on the ZBA's consideration of the height variance request or Freije's entitlement to the variance. In addition, "a motion to renew pursuant to CPLR 2221 is not the proper procedural vehicle to address a final judgment" *Maddux v. Schur*, 53 AD3d 738, 739 (3rd Dept. 2008); *see, Cruz v. Cruz*, 186 AD3d 1796 (3rd Dept. 2020). Relief from a judgment already entered is more appropriately made under other provisions such as CPLR 5015. Therefore, the motion to renew is denied.

Burke seeks to go directly to challenge the granting of a variance without first showing his procedural right to proceed at all. However, since he has not shown his right or timeliness in his motion to renew or reargue, there is no occasion to consider if the variance should have been granted. The burden is not on Respondents, but it is on Burke to prove he has a procedural right to renew or reargue the Court's decision, which he has not done.

6

Burke also makes brief mention of intervention. In particular, in addition to his motion to renew and reargue he also seeks "if necessary, to intervene in the action." CPLR 1013 provides that:

> Upon timely motion, any person may be permitted to intervene in any action ... when the person's claim or defense and the main action have a common question of law or fact. In exercising its discretion, the court shall consider whether the intervention will unduly delay the determination of the action or prejudice the substantial rights of any party.

Burke's motion makes no mention of CPLR 1013, and certainly does not establish his right to obtain intervention relief. As the Court noted with respect to Mr. McDonough's earlier request to intervene, the request is not timely because it was made after the matter had been fully submitted. Further, the Court has already issued a decision with respect to the Article 78 action; and that was not timely appealed; nor was there a request to reargue made within 30 days of the filing of the Decision Order and Judgment. In addition, Freije has obtained building permits granted by the Respondents in reliance on the Court's April 10, 2025 ruling. Any attempt to undo that at this point would prejudice Freije.

As a further matter, Burke's motion fails to comply with CPLR § 1014 which requires that the "motion to intervene shall be accompanied by a proposed pleading setting forth the claim or defense for which intervention is sought." Burke has not included a proposed Answer, objection, response or any type of pleading that could comply with CPLR § 1014.

Burke argues that the Court has broader discretion under CPLR 7802(d) than under CPLR 1013 to grant intervention, and can grant intervention even after judgment. In support, Burke cites to *Greater New York Healthcare Facilities Ass'n v. DeBuono*, 91 NY2d 716 (1998). While *DeBuono* does state that intervention can be granted after judgment, the proposed intervenors in that case filed their motion before judgment was entered. Therefore, it is distinguishable from Burke's position about a post judgment attempt to intervene. In addition, the full quote from DeBuono is that intervention can be granted "after judgment <u>for the purposes of taking an appeal</u>" *Id.* at 720 (emphasis added). In this case the issue is Burke's request to renew or reargue, again being a distinguishing factor from *DeBuono*. Implicit in the *DeBuono* passage is that an appeal would be timely, as opposed to the untimely motion by Burke.

The main issue in *DeBuono* was whether the proposed intervenors' claims were subject to the "relation back" doctrine such that the intervenors' claims could be considered as having

7

been made when the initial action was commenced and not be time barred. The Court noted that a party may not avoid the Statute of Limitations by seeking to intervene in a pending action. Similarly, the motion to intervene must be within the time parameters for an appeal or motion to reargue. The Court of Appeals held that intervention would not be allowed in *DeBuono*. The *DeBuono* case does not support Burke's argument to grant a post-judgment intervention where there has not been a timely motion to reargue and there is insufficient basis to grant a motion to renew.

## CONCLUSION

Based on all the foregoing, the Court concludes that Burke has no standing to make any motion in this matter, as he is not a party of interest, has not timely filed a motion to renew and has not satisfied the substantive requirements for a motion to renew and/or reargue; and to the extent he seeks to intervene, there is no pending matter as the Article 78 has been resolved by the Court and any application to intervene is untimely and without merit.

Accordingly, it is hereby

ORDERED, that Burke's application/motion is DENIED.

THIS CONSTITUTES THE DECISION AND ORDER OF THIS COURT.

Dated:    September 25, 2025
          Binghamton, New York

_____
HON. EUGENE D. FAUGHNAN
Supreme Court Justice

8

[* 8]