■ HSBC BANK USA, Respondent, v LEO TSIMMER et al., Defendants. [61 NYS3d 476]—

Appeal from order, Supreme Court, New York County (Joan M. Kenney, J.), entered on or about November 29, 2016, which granted plaintiff's motion for a final judgment of foreclosure and sale, deemed appeal from judgment of foreclosure and sale, same court, Justice, and entry date, and so considered, said judgment unanimously affirmed, without costs.

The appeal from judgment entered in this case brings up for review "any non-final judgment or order which necessarily affects the final [order and] judgment," provided that such non-final judgment or order has not been previously reviewed by this Court (CPLR 5501 [a] [1]). Thus, defendant Leo Tsimmer's arguments that plaintiff failed to negotiate a loan modification in good faith, which were addressed by Supreme Court's March 28, 2016 order and not reviewed by this Court, may be considered. These arguments are unavailing.

CPLR 3408 (f) states that "[b]oth the plaintiff and defendant shall negotiate in good faith to reach a mutually agreeable resolution, including but not limited to a loan modification, . . . if possible." Although the term "good faith" is not defined by the statute, the determination of good faith is based on the "totality of the circumstances" (*Citibank, N.A. v Barclay*, 124 AD3d 174, 176, 177 [1st Dept 2014] [internal quotation marks omitted]). "[T]here are situations in which the statutory goal is simply not financially feasible for either party" and "the mere fact that plaintiff refused to consider a reduction in principal or interest rate does not establish that it was not negotiating in good faith" (*id.* at 177).

The totality of the circumstances here shows that plaintiff negotiated in good faith with Tsimmer, but ultimately denied the loan modification as unaffordable based on Tsimmer's annual income and the unpaid principal balance of the loan. There is no basis to disturb that determination.

We have considered Tsimmer's remaining arguments and find them unavailing. Concur—Richter, J.P., Gische, Kapnick, Kahn and Kern, JJ.