Deutsche Bank Natl. Trust Co. v Afram (2020 NY Slip Op 06947)





Deutsche Bank Natl. Trust Co. v Afram


2020 NY Slip Op 06947


Decided on November 24, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 24, 2020

Before: Renwick, J.P., Kapnick, Gesmer, Kern, JJ. 


Index No. 35022/13E Appeal No. 12481 Case No. 2020-02612 

[*1]Deutsche Bank National Trust Company, as Indenture Trustee, for New Century Home Equity Loan Trust 2005-2 Plaintiff-Respondent,
v
Godfred Afram, Defendant-Appellant, Dorothy Abban et al., Defendants.


John J. Caracciolo, East Northport, for appellant.
Roach & Lin, P.C., Syosset (Michael C. Manniello of counsel), for respondent.



Order and judgment (one paper), Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered February 3, 2020, which, inter alia, granted plaintiff's motion for a judgment of foreclosure and sale and denied defendant Godfred Afram's cross motion to vacate a prior order and to dismiss the action, unanimously affirmed, without costs.
Plaintiff's motion to confirm the Referee's report and for a judgment of foreclosure and sale was properly granted. Plaintiff showed in support of its motion, and the underlying renewed motion for summary judgment, that it had standing to commence the foreclosure action through [*2]evidence "showing that it [was] the holder or assignee of the subject note at the time the action [was] commenced" (Wells Fargo Bank N.A. v Ho-Shing, 168 AD3d 126, 131 [1st Dept 2019]; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015]). A "written assignment of the note or physical delivery of the note is sufficient to establish standing" (US Bank N.A. v Richards, 155 AD3d 522, 523 [1st Dept 2017]). Here, the terms of the written "Assignment of Mortgage" to plaintiff dated August 13, 2012 assigned both the mortgage and the note.
Plaintiff also established that it complied with the RPAPL 1304 notice requirements by submitting the affidavit of a loan servicer employee, attesting that four 90-day notices of default were mailed to defendants-borrowers, Godfred Afram and Dorothy Abban, at their last known address, which was the subject property address (see U.S. Bank N.A. v James, 180 AD3d 594 [1st Dept 2020]). The four notices were addressed and mailed to the borrowers, via first class and certified mail, to ensure that Afram and Abban each received the 90-day notices in compliance with RPAPL 1304 (1) and (2).
The court properly denied Afram's cross motion to vacate the prior order granting plaintiff's renewed motion for summary judgment because Afram did not demonstrate that plaintiff engaged in fraud or misled the court (CPLR 5015[a][3]). In addition, defendant failed to set forth a reasonable excuse for his default (CPLR 5015[a][1]; see Goldman v Cotter, 10 AD3d 289, 291 [1st Dept 2004]). Defendant's
counsel's bare claim of "law office failure," without providing any factual details, was insufficient to establish a reasonable excuse in this case.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 24, 2020