US Bank N.A. v Burgan (2024 NY Slip Op 06018)

US Bank N.A. v Burgan

2024 NY Slip Op 06018

Decided on December 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 03, 2024

Before: Manzanet-Daniels, J.P., Gesmer, Shulman, Rodriguez, Michael, JJ. 

Index No. 850040/14 Appeal No. 3140-3141, M-2024-05024 Case No. 2023-01677, 2023-01680 

[*1]US Bank National Association, etc., Plaintiff-Respondent,
v
Theresa Burgan, Defendant-Appellant, New York City Environmental Control Board, et al., Defendant.

Borah, Goldtein, Altschuler, Nahins & Goidel, P.C., New York (Brian D. Graifman of counsel), for appellant.
McCalla Raymer Leibert Pierce, New York (Harold L. Kofman of counsel), for respondent.

Amended judgment of foreclosure and sale and order (one paper), Supreme Court, New York County (Francis A. Kahn, III, J.), entered March 30, 2023, and bringing up for review an order, same court and Justice, entered on or about February 23, 2023, which, to the extent appealed from as limited by the briefs and appealable, denied defendant's motion to vacate the May 9, 2022 judgment of foreclosure and sale and to renew her opposition to plaintiff's motion to confirm the referee report and for a judgment of foreclosure and sale, unanimously affirmed, without costs. Appeal from February 23, 2023 order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment of foreclosure and sale.
Defendant's motion to vacate pursuant to CPLR 5015(a)(2) was properly denied. Defendant contends that a November 4, 2019 Department of Finance (DOF) letter confirming that the subject property was residential, and not commercial, was newly discovered evidence because it materialized after the September 6, 2019 order granting plaintiff summary judgment and appointing a referee. That letter, however, cannot be relied upon to vacate the September 6, 2019 order of reference, as that letter was not in existence at the time of that order (see Coastal Sheet Metal Corp. v RJR Mech. Inc., 85 AD3d 420, 421 [1st Dept 2011]). Further, the November 2019 DOF letter — which was in existence at the time of the March 30, 2023 amended judgment of foreclosure and sale, and was addressed to defendant's attorney — cannot be said to have been "undiscoverable" through the use of due diligence (id. at 421). In addition, the January 15, 2020 and January 15, 2021 notices of property value, available on the DOF's online public portal, were a matter of public record, and thus "generally not deemed new evidence" (NRZ Pass-Through Trust IV v Rouge, 199 AD3d 466, 467 [1st Dept 2021]). Further, the loan servicer's June 9, 2022 denial of defendant's loan modification was not in existence at the time of the May 9, 2022 judgment of foreclosure and sale.
Defendant also failed to demonstrate that plaintiff "engaged in fraud or misled the court" so as to invoke CPLR 5015(a)(3) (see Deutsche Bank Natl. Trust Co. v Afram, 188 AD3d 593, 594 [1st Dept 2020]). Nor did Supreme Court improvidently exercise its discretion in denying the branch of defendant's motion to vacate the September 2019 order of reference, as the motion was untimely and defendant failed to provide a reasonable excuse for her default and a meritorious defense (see CPLR 5015[a][1]; Johnson-Roberts v Ira Judelson Bail Bonds, 140 AD3d 509 [1st Dept 2016]). The court also properly declined to vacate defendant's default, and the subsequent judgment of foreclosure, in the interest of substantial justice (see Matter of McKenna v County of Nassau, Off. Of County Attorney, 61 NY2d 739, 742 [1984]). The email summary between plaintiff and defendant's counsel, upon which defendant relies, shows that defendant's loan modification [*2]application may have been denied for financial reasons. Accordingly, there was also no basis to vacate the order or the judgment of foreclosure on principles of equity (see Empbanque Capital Corp. v Geathers, 224 AD2d 238, 239 [1st Dept 1996]).
Because defendant fails to allege misconduct in connection with the mandatory loan settlement negotiations, defendant's reliance on CPLR 3408 is unavailing (see Deutsche Bank Natl. Trust Co. v Singh, 216 AD3d 1080, 1081-1082 [2d Dept 2023]; see also The Bank of N.Y. Mellon v Davis, 219 AD3d 420 [1st Dept 2023]). Even considering defendant's allegations, the email summary on which she relies, as mentioned, indicates that the loan modification was denied on a financial basis; thus, "the mere fact that plaintiff refused to consider a reduction in principal or interest rate does not establish that it was not negotiating in good faith" (HSBC Bank USA v Tsimmer, 154 AD3d 470, 471 [1st Dept 2017] [internal quotation marks omitted]).
Although Supreme Court granted the motion to reargue to the extent the court stated it would amend the May 9, 2022 judgment of foreclosure and sale in accordance with the February 11, 2020 order limiting interest to that accrued before the date of that order, the remainder of the motion to reargue was denied, and is therefore nonappealable (see CPLR 5701[a][2]; Manhattan Telecom., Corp. v Coordinated Behavioral Care, Inc., 216 AD3d 428 [1st Dept 2023]). In any event, for the above-noted reasons, defendant's motion to reargue and renew was properly denied.
We find no basis to award defendant attorneys' fees. M-2024-05024 U.S. Bank v Burgan
Motion to replace accepted and filed reply brief with initially filed reply brief, denied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2024