Wilmington Sav. Fund Socy., FSB v Mendez (2025 NY Slip Op 04504)

Wilmington Sav. Fund Socy., FSB v Mendez

2025 NY Slip Op 04504

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-04469
 (Index No. 500833/14)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
Carmen Mendez, appellant, et al., defendants.

Carmen Mendez, Brooklyn, NY, appellant pro se.
Knuckles & Manfro, LLP, Tarrytown, NY (Ali Degan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Carmen Mendez appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated February 6, 2023. The order denied that defendant's motion to cancel a scheduled foreclosure sale and to dismiss the complaint insofar as asserted against her.
ORDERED that the order is affirmed, with costs.
The plaintiff's predecessor in interest commenced this action against the defendant Carmen Mendez (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Brooklyn. The defendant interposed an answer, asserting several affirmative defenses but not the statute of limitations or fraud. The Supreme Court awarded the plaintiff summary judgment on the complaint insofar as asserted against the defendant and entered a judgment of foreclosure and sale dated April 26, 2018. After certain delays not relevant to this appeal, a foreclosure sale was scheduled for October 27, 2022. The defendant moved to cancel the sale and to dismiss the complaint insofar as asserted against her on the grounds that the action was barred by the statute of limitations and fraud. In the order appealed from, the court denied the motion. The defendant appeals.
CPLR 3018(b) requires a party to plead certain affirmative defenses, including fraud and the statute of limitations. The failure to plead such a defense or to raise it in a timely motion pursuant to CPLR 3211(a) generally "results in a waiver" (Munson v New York Seed Improvement Coop., 64 NY2d 985, 986; see GMAC Mtge., LLC v Coombs, 191 AD3d 37, 40; see also CPLR 3211[e]). Here, the defendant did not raise the statute of limitations or fraud in a timely motion pursuant to CPLR 3211(a) or in her answer and, thus, waived those defenses (see Housing Trust Fund Corp. v Nugent-Nobles, 235 AD3d 854; Globe Trade Capital, LLC v Hoey, 199 AD3d 764, 768-769). Further, although a judgment may be vacated pursuant to CPLR 5015(a)(3) on the grounds of fraud, misrepresentation, or other misconduct of an adverse party, the defendant failed to establish any fraud on the part of the plaintiff or its predecessor in interest (see Globe Trade Capital, LLC v Hoey, 199 AD3d 769, 771-772; Deutsche Bank Natl. Trust Co. v Afram, 188 AD3d 593, 594).
Accordingly, the Supreme Court properly denied the plaintiff's motion to cancel the scheduled foreclosure sale and to dismiss the complaint insofar as asserted against her.
DILLON, J.P., BRATHWAITE NELSON, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court